THE STATE OF OHIO, APPELLEE, *v.* FANT, APPELLANT.

[Cite as State v. Fant (1977), 53 Ohio App. 2d 87.]

(No. C-76505—Decided August 10, 1977.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Thomas P. Longano* and *Mr. Robert Holzman,* for appellee.

*Mr. Bernard J. Gilday, Jr.* and *Mr. Leslie I. Gaines, Jr.,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County; and the transcript of the proceedings, the briefs, and the assignments of error and the arguments of counsel.

On January 21, 1976, two police officers armed with a search warrant entered the appellant's residence. The search warrant authorized the taking of heroin and related packaging materials. The officers recovered 34.4 grams of heroin from the residence and also two revolvers and ammunition from a bedroom cupboard. They arrested appellant and subsequently charged him with one count of the possession of a narcotic drug for sale and one count of having weapons while under disability. The search warrant was not returned until January 31, 1976, ten days after its execution. Following the denial of appellant's motions to suppress evidence and to dismiss the count of having weapons while under disability, appellant pled no contest to each charge and was found guilty as to each. Appellant now asserts two assignments of error based on the lower court's overruling of those motions.

The first assignment of error with which we shall deal is appellant's assertion that the trial court erred in denying appellant's pretrial motion to suppress evidence. One of the issues that appellant raises in support of this assignment is that the affidavit for the search warrant was defective. The affidavit stated:

"Information from a concerned citizen who will be taken before the signing judge and be sworn as to the truthfulness of the following: This concerned citizen has been within the above described premises within the last five days and has observed a large quantity of packaged Heroin in the possession and under the control of a MN known as "Slim" or George. This information is further corroborated by the affiants personal investigation on above premises for last two months. The subject of the investiga-

tion is one George Fant in Apt. 6, 1308 Chapel (Chapel Arms Apts.). This concerned citizen is able to recognize packaged heroin and related materials from prior use and association of same. Affiant checked the 1975 City Directory and it lists Apt. 6 of 1308 Chapel Street being occupied by a George Fant."

Appellant contends that since nothing appeared on the face of the affidavit to indicate that the "concerned citizen" did appear before the signing judge, the affidavit is facially defective, because the reliability and credibility of such "concerned citizen" is not otherwise established. We agree.

Crim. R. 41(C) states, in pertinent part:

"If the judge is satisfied that probable cause for the search exists, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. The finding of probable cause may be based upon hearsay in whole or in part, provided there is substantial basis for believing that there is a factual basis for the information furnished."

Compliance with Crim. R. 41(C), in cases such as this which involves hearsay of informants, seems best achieved by including language in the affidavit which sets forth specific reasons as to why the affiant finds the "concerned citizen" credible, as it would provide the signing judge a basis on which he could assess credibility. See *State* v. *Woods*, unreported, First Appellate District, No. C-75324, decided May 24, 1976. A confrontation between the signing judge and the "concerned citizen" could also afford the judge a sufficient reason for crediting the source of the information. See *State* v. *Woods, supra*. In the *Woods* case, the court found that such a confrontation had occurred.

Absent specific reasons as to why the affiant finds the "concerned citizen" to be credible, and absent a confrontation between the signing judge and the "concerned citizen," or any other factors which would show such informant's reliability and credibility, the signing magistrate has no substantial basis for believing the source of the hearsay to be credible; consequently, he should not issue the search warrant for Civil Rule 41(C) has not been complied with.

As we find nothing in the record to indicate that the

"concerned citizen" named in the affidavit was in fact brought before the judge who issued the warrant, nor specific reasons or other factors in the language of the affidavit which would provide a substantial basis for a determination of the credibility of the affiant's source of information, we hold that the affidavit which formed the basis for the issuance of the search warrant was invalid. Therefore, we affirm this assignment of error and hold that the trial court did err in overruling appellant's motion to suppress evidence seized by the officers in executing this warrant.

Appellant raises a second issue in support of this assignment of error which attacks the validity of the search warrant on the basis that since it was not returned until ten days after it was executed, Crim, R. 41(D), which mandates the prompt return of a search warrant, was not complied with. This issue is without merit. *State* v. *Downs* (1977), 51 Ohio St. 2d 47.

Appellant's second assignment of error is disposed of by our finding that the motion to suppress should have been granted. In it, appellant asserts the unconstitutionality of R. C. 2923.13 (having weapons while under a disability) to the extent that it denies one who has been convicted of carrying a concealed weapon the right to possess, in a place of safekeeping in his residence, a firearm for personal security and the defense of property. It is a well established principle that there is no absolute constitutional right of an individual to possess a firearm. *United States* v. *Miller* (1939), 307 U. S. 174. Appellant could have applied to have his disability removed under R. C. 2923.14 had he wished to keep a firearm for personal security and the defense of his property. Appellant did not do so, and, under the facts of this case, we hold that the statute was properly applied and, as applied, is constitutional. This assignment of error is overruled.

The decision of the lower court is reversed as to the motion to suppress, and the case is remanded for further proceedings according to law.

*Judgment reversed.*

BETTMAN, P. J., CASTLE and BLACK, JJ., concur.