THE STATE OF OHIO, APPELLEE, *v.* SMITH, APPELLANT.

(No. CA 9820 — Decided May 22, 1987.)

*Lee C. Falke,* prosecuting attorney, and *Ted E. Millspaugh,* for appellee.

*Kurt R. Portmann,* county public defender, and *Paul M. Courtney,* for appellant.

WOLFF, J. Adolph W. Smith was found guilty and sentenced for having a weapon while under disability. See R.C. 2923.13(A)(3). On appeal, Smith advances a single assignment of error:

"The trial court erred in entering a judgment of conviction against appellant where the finding of guilty was manifestly against the weight of the evidence, thereby violating appellant's rights under the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution."

The assignment of error is directed to the following finding of fact made by the trial judge, sitting without a jury:

"Upon due consideration of the testimony presented, the Court finds that the Defendant was aware of his disability and was aware that he was not permitted to have any firearms in his possession."

We need not reach the merits of whether the trial court's finding was manifestly against the weight of the evidence because the disability was based upon a prior conviction.

This court addressed the precise issue presented by Smith's assignment in *State* v. *Thurairatnam* (Apr. 10, 1984), Darke App. No. 1091, unreported, wherein Judge Brogan, writing for the court, stated at 3 and 4:

"Since the mental state required by R.C. 2923.13 is 'knowingly,' appellant contends therefore the state must prove, as an element, that he had 'knowledge' of the disability for his former conviction, or 'notice' that he was a member of the restricted class. Appellant asserts that absent proof of such 'notice,' his conviction under R.C. 2923.13 violates the requirement of due process under the Fourteenth Amendment.

"However, in our opinion R.C. 2923.13 does not require proof that the defendant had knowledge of his underlying personal disability. Rather, it requires only that the defendant 'knowingly' acquired, had, carried, or used a firearm (or dangerous ordnance) while such a disability existed. In the context of this statute, the adverb 'knowingly' modifies the verbs 'acquire,' 'have,' 'carry,' and 'use,' and such conduct is specifically prohibited by categories naming the restricted class. Therefore, it was not necessary for the state to prove appellant's knowledge of his own condition as an element of the offense."

Appellant cites *State* v. *Winkelman* (1981), 2 Ohio App. 3d 465, 2 OBR 561, 442 N.E. 2d 811, for the proposition that, in order to convict a defendant under R.C. 2923.13, the state must prove that defendant had notice of his status as a member of the restricted class. However, in that case, the Court of Appeals for Clermont County required notice to be given the defendant solely because the underlying disability was based on a pending indictment rather than a conviction. Recognizing the unique issue presented when an indictment serves as the basis for the disability, the court limited its holding in the following manner:

"We find that, in order to obtain a conviction under R.C. 2923.13(A)(2), when the disability stems *solely from prior indictment* for a felony of violence, the state must prove that the defendant had been given notice of his status as a member of a restricted class under R.C. 2923.13. The burden is not great, as the arraigning judge could easily incorporate such notice into his general instructions at the time of arraignment. Likewise, such notice could accompany the service of the indictment itself.

"Without such a requirement, it would be possible for an indictment to be outstanding against an individual without his knowledge. Thus, before even being served with the indictment, such person would already be under disability and subject to the penalties of R.C. 2923.13. * * *" (Emphasis *sic*.) *Id*. at 469, 2 OBR at 566, 442 N.E. 2d at 816.

Since a fundamental distinction exists between a disability based on a conviction and one based on a pending indictment, we hold the former to be outside the scope of *Winkelman*. Thus, no prior notice is required where the underlying disability is based upon a former conviction. The conviction itself puts the defendant on notice.

A defendant's actual knowledge of the disability is not an essential element of the offense charged under R.C. 2923.13(A)(3) when the disability is based on a prior conviction. Smith does not contend that the state's case was deficient in any other respect.

Accordingly, the judgment of conviction is affirmed.

*Judgment affirmed.*

WILSON and FAIN, JJ., concur.