**The STATE of Ohio, Appellee,**

**v.**

**LOFTIES, Appellant.**

[Cite as *State v. Lofties* (1991), 74 Ohio App.3d 824.]

Court of Appeals of Ohio,
Erie County.

No. E–90–46.

Decided July 19, 1991.

*Kevin J. Baxter*, Prosecuting Attorney, and *Mary Ann Barylski*, for appellee.

*Gerald M. Smith*, for appellant.

*Per Curiam.*

This is an appeal from the Erie County Court of Common Pleas. On May 15, 1990, appellant, George Lofties, was indicted by the Erie County Grand Jury in a four-count indictment charging him with one count of drug abuse (cocaine) and three counts of knowingly possessing various firearms while under disability in violation of R.C. 2923.13(A)(3).

Appellant entered a plea of not guilty as to each count in the indictment. The case was set for trial on June 1, 1990. Prior to trial, the prosecutor dismissed two counts of having a weapon under a disability. The case proceeded to trial on one count of drug abuse and one count of having a weapon under a disability. The jury found the defendant not guilty of drug abuse but guilty of the remaining count of having a weapon while under a disability. On August 24, 1990, appellant was sentenced to six months' incarceration.

It is from this judgment that appellant appeals, asserting the following assignments of error:

"I. A conviction of attempted drug abuse does not create a disability pursuant to R.C. 2923.13(A)(3).

"II. The trial court erred in failing to grant the defendant's motion for acquittal on the charge of possession of weapons under disability when the

alleged disability was a misdemeanor conviction and the state failed to prove that the defendant had been given notice that he could not possess a firearm."

At trial, the prosecutor introduced a certified record of the Sandusky Municipal Court which established that defendant had been convicted of attempted drug abuse in violation of R.C. 2923.02 and 2925.11. After the state rested its case, appellant moved for a judgment of acquittal pursuant to Crim.R. 29, contending that the weapons-under-disability count should be dismissed since the conviction upon which the state was relying was *attempted* drug abuse, a misdemeanor. Appellant argued that R.C. 2923.13(A)(3) did not encompass an "attempt" drug abuse offense. This motion was renewed at the conclusion of all the evidence and was overruled in both instances. In his first assignment of error, appellant asserts that a conviction of attempted drug abuse does not create a disability pursuant to R.C. 2923.13(A)(3). We disagree.

R.C. 2923.13 provides, in pertinent part, as follows:

"(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

"* * *

"(3) Such person is under indictment for or has been convicted of any *offense involving* the illegal possession, use, sale, administration, distribution, or trafficking in *any drug of abuse,* or has been adjudged a juvenile delinquent for commission of any such offense[.]" (Emphasis added.)

As can be noted, the statute does not employ the word "attempt" within its provisions. The question is thus raised as to whether the legislature contemplated that, by the use of the phrase "any offense *involving* * * * any drug of abuse," they were referring to "drug abuse offenses" as defined in R.C. 2925.01(H)(1) through (4). In this regard, the Committee Comment to Am. Sub.H.B. No. 511 (R.C. 2923.13) is instructive:

"This section is similar to a former prohibition against weapons in the hands of bad risks, including fugitives, certain felons, drug dependent persons, alcoholics, and mental incompetents. The section expands upon the former law by including within the prohibition persons under indictment for or who have been convicted of, or who have been adjudged juvenile delinquent for, any felony of violence *or any drug abuse offense.*" (Emphasis added.)

The term "drug abuse offense" is defined in R.C. 2925.01(H) as follows:

"(1) A violation of section 2925.02, 2925.03, *2925.11,* 2925.12, 2925.13, 2925.-21, 2925.22, 2925.23, 2925.31, 2925,32, 2925.36, or 2925.37 of the Revised Code;

"(2) A violation of an existing or former law of this or any other state or of the United States, that is substantially equivalent to any section listed in division (H)(1) of this section;

"(3) An offense under an existing or former law of this or any other state, or of the United States, of which planting, cultivating, harvesting, processing, making, manufacturing, producing, shipping, transporting, delivering, acquiring, possessing, storing, distributing, dispensing, selling, inducing another to use, administering to another, using, or otherwise dealing with a controlled substance is an element;

"(4) A conspiracy or *attempt to commit*, or complicity in committing or *attempting to commit, any offense under* division (H)(1), (2), or (3) of this section." (Emphasis added.)

What is obvious is that the legislature referred to drug abuse offenses in a general manner, as opposed to listing specific criminal drug violations.

Similarly, to determine what the legislature meant by a felony of violence in R.C. 2923.13(A)(2), resort to R.C. 2901.01(I)(1) is required to determine the specific offense. To adopt appellant's line of reasoning, certain felonies outside of those listed in R.C. 2901.01(I)(1) might be considered as coming within the proscription of R.C. 2923.13(A)(2).

It is a well-known and accepted rule of construction that where there is any ambiguity in a statute it should be read *in pari materia* with any other statute to which by implication it is related. *In re Joint Cty. Ditch* (1952), 92 Ohio App. 249, 260–261, 49 O.O. 343, 348–349, 110 N.E.2d 144, 150–151. Moreover, the mere fact that sections are found in different chapters of the Revised Code does not prevent them from being *in pari materia. State ex rel. Darby v. Hadaway* (1925), 113 Ohio St. 658, 150 N.E. 36. Additionally, statutes may be *in pari materia* even though they contain no references to each other and regardless of whether they were enacted concurrently. *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 58 O.O. 315, 132 N.E.2d 191, paragraph two of the syllabus; *Dayton v. Jacobs* (1929), 120 Ohio St. 225, 229, 165 N.E. 844, 845. Therefore, in construing the phrase "any offense involving * * * any drug of abuse," as provided in R.C. 2923.13(A)(3), we hold that the legislature intended, as suggested by the Committee Comment and by rule of construction, that said phrase refers to drug abuse offenses as defined in R.C. 2925.01(H)(1)–(4) and, therefore, includes an attempt drug abuse offense. Appellant's first assignment of error is found not well taken.

■ In his second assignment of error, appellant contends that the trial court erred in failing to grant his motion for judgment of acquittal on the charge of possession of weapons while under disability where the alleged

disability is a misdemeanor conviction and the state failed to prove notice. We find this argument unpersuasive. This court will follow the reasoning of the Montgomery Court of Appeals in *State v. Smith* (1987), 39 Ohio App.3d 24, 25, 528 N.E.2d 1292, 1293, wherein that court in distinguishing the holding of *State v. Winkelman* (1981), 2 Ohio App.3d 465, 2 OBR 561, 442 N.E.2d 811, stated:

"Since a fundamental distinction exists between a disability based on a conviction and one based on a pending indictment, we hold the former to be outside the scope of *Winkelman*. Thus, no prior notice is required where the underlying disability is based upon a former conviction. The conviction itself puts the defendant on notice.

*"A defendant's actual knowledge of the disability is not an essential element of the offense charged under R.C. 2923.13(A)(3) when the disability is based on a prior conviction."* (Emphasis added.)

In this case, appellant was convicted of the misdemeanor of "attempted drug abuse"; hence, he was put on notice that certain disabilities attached. Moreover, it has been held that a misdemeanor drug abuse offense does constitute a disability pursuant to R.C. 2923.13(A)(3). See *State v. Hudson* (Aug. 31, 1989), Cuyahoga App. No. 57207, unreported, 1989 WL 101825; *State v. Kain* (June 10, 1987), Wayne App. No. 2208, unreported, 1987 WL 12883. The trial court did not err in denying appellant's motion for a judgment of acquittal. Appellant's second assignment of error is without merit and is found not well taken.

Therefore, the judgment of the Erie County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.

*Judgment affirmed.*

GLASSER, MELVIN L. RESNICK and SHERCK, JJ., concur.