THE STATE OF OHIO, APPELLANT AND APPELLEE,
*v.* VARNEY, APPELLEE AND APPELLANT.

[Cite as *State v. Varney* (1991), 62 Ohio St.3d 274.]

(Nos. 90–1600 and 90–1829—Submitted September 18, 1991—Decided December 18, 1991.)

*Jeffrey M. Welbaum,* Prosecuting Attorney, for appellant and appellee.
*Konrad Kuczak,* for appellee and appellant.

*Per Curiam.* The state's appeal in case No. 90–1600 is dismissed, *sua sponte,* as having been improvidently allowed.

In case No. 90–1829, the defendant appeals pursuant to a certification by the Second District Court of Appeals that its judgment is in conflict with the judgment of the Twelfth District Court of Appeals in *State v. Winkelman* (1981), 2 Ohio App.3d 465, 2 OBR 561, 442 N.E.2d 811. The issue allegedly in conflict is whether a person can be constitutionally convicted under R.C. 2923.13 for possessing a firearm while under the disability of a pending indictment, even though there is no evidence that the person was notified that the pendency of the indictment legally disqualified him from such possession. However, the Twelfth District overruled *Winkelman,* in pertinent part, in *State v. Frederick* (June 17, 1989), Butler App. Nos. CA88–07–111 and CA88–07–118, unreported, 1989 WL 80493.

In order for a court of appeals to certify its judgment to this court, it must find that the judgment "is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state * * *." Section 3(B)(4), Article IV of the Ohio Constitution. In this instance, the Twelfth District's partially overruled judgment in *Winkelman* lacks any jurisprudential weight on the "notice" question and thus cannot be said to "conflict" with the Second District's decision herein. In any event, the two judgments do not present the "same question," since the defendants were convicted under different, albeit similar, provisions of R.C. 2923.13. Compare R.C. 2923.-13(A)(2) (possessing firearm while under indictment for felony of violence) with R.C. 2923.13(A)(3) (possessing firearm while under indictment for drug offense). Because no conflict on the "notice" question exists between the two judgments, the defendant's appeal in case No. 90–1829 must be dismissed. See *State v. Parobek* (1990), 49 Ohio St.3d 61, 550 N.E.2d 476.

*Appeals dismissed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. I would reverse the judgment of the court of appeals in case No. 90–1600.