**STATE of Ohio, Appellee,**

v.

**HAYES, Appellant.**

[Cite as *State v. Hayes* (1994), 99 Ohio App.3d 530.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APA04–563.

Decided Dec. 29, 1994.

*Michael Miller*, Franklin County Prosecuting Attorney, *Michael L. Collyer* and *Joyce S. Anderson*, Assistant Prosecuting Attorney, for appellee.

*David J. Graeff*, for appellant.

---

WHITESIDE, Presiding Judge.

Defendant, Donald M. Hayes, appeals from his conviction in the Franklin County Court of Common Pleas of one count of discharging a firearm into a habitation and one count of having a weapon under disability in violation of R.C. 2923.13(A)(2). In support of his appeal, defendant raises a single assignment of error pertaining only to his conviction of the charge of having a weapon under disability, as follows:

"When the basis for a charge of weapons under disability is predicated on a separate pending indictment, the result is a conviction which is insufficient as a matter of law."

Essentially, defendant contends that his conviction is inconsistent with *State v. Winkelman* (1981), 2 Ohio App.3d 465, 2 OBR 561, 442 N.E.2d 811, and the decision of this court in *State v. Taniguchi* (May 5, 1994), Franklin App. No. 93AP–1131, unreported, 1994 WL 171210.

R.C. 2923.13(A)(2) provides in pertinent part, as follows:

"(A) Unless relieved from disability as provided in section 2923.14, of the Revised Code, no person shall knowingly acquire, have, carry or use any firearm or dangerous ordinance, if any of the following apply:

" * * * *

"(2) Such person is under indictment for * * * any felony of violence * * *."

The crime in question occurred on February 24, 1993. At trial, it was stipulated that, if called to testify, a representative of the clerk of courts would testify that defendant was at that time under indictment for trafficking in a drug of abuse. The jury was instructed that, with respect to the weapons-under-disability charge, one of the elements was that defendant was under indictment for aggravated trafficking, a violation of R.C. 2925.03 at the time of the commission of the instant offense, if he was found to have committed the offense. The record does not reveal the disposition of the indictment for aggravated trafficking and drugs, although the indication is that that indictment was still pending at the time of trial. Defendant contends that, because the indictment with respect to the aggravated trafficking and drugs charge was still pending at the time of his trial upon the charge of having a weapon under disability, the trial court could not determine either the guilt or innocence of defendant with respect to the weapons-under-disability charge.

Neither *Taniguchi* nor *Winkelman* supports defendant's contention. In both of those cases, there was no pending indictment for a felony of violence at the time of trial. In each instance the indictment which had been pending at the time the defendant was charged with the offense of having a weapon under disability was determined favorably to the defendant prior to the trial on the weapons-under-disability charge. As this court noted in *Taniguchi* at 5:

" * * * Before trial of the disability charge [in *Winkelman* ], the aggravated robbery charge was dismissed and defendant was found not guilty of felonious assault. Defendant was then tried on the disability charge and a jury returned a guilty verdict. * * *"

This court then continued, at 7:

"[W]e find no error in the trial court's reliance upon *Winkelman* for the proposition that, once a prior indictment, which serves as the basis for the disability indictment, has been resolved in favor of the defendant, the prior indictment is 'rendered unusable in the subsequent trial on the disability charge.' * * * As under the facts in *Winkelman*, the validity of the weapons disability indictment in the present case rests upon a prior indictment which has resulted in an acquittal. We agree with the court in *Winkelman* that a prior indictment, which by virtue of its resolution in favor of a defendant no longer has any operative effect, cannot be subsequently used to serve as the basis of disability. * * *"

In this case, as defendant concedes, he was under a pending indictment for aggravated trafficking on May 21, 1992, at the time of this jury trial on the weapons-under-disability charge of which he was convicted in the trial court in this case. Defendant seeks an extension of the principle of *Winkelman* and *Taniguchi, supra,* to preclude a conviction upon a weapons-under-disability

charge unless the defendant has been found guilty of the felony upon which the disability is based. In other words, defendant, in effect, seeks for this court to amend R.C. 2923.13(A)(2) to delete the words "is under indictment for" and leave only the words "such person * * * has been convicted of any felony of violence."

Assuming *Winkelman* and *Taniguchi* correctly applied the law, they are limited to situations where, at the time of trial, the disability element of the crime has been removed by either a dismissal or a not-guilty finding with respect to the indictment which created the disability so that the disability element of the charge would not exist at the time of trial. Here, there is no contention that the disability element did not exist at the time of trial but, instead, a contention that an indictment alone should not be sufficient to create a disability.

There are valid policy reasons for the state to impose a disability under circumstances where a person is under indictment for a felony of violence. A person under indictment for a felony of violence is in the class of persons that a grand jury has found probable cause to believe have committed a felony of violence. While guilt beyond a reasonable doubt has not been established, evidence establishing probable cause has been examined by a grand jury and found sufficient to require the person charged to stand trial upon the felony of violence charge. It is not unreasonable for the state legislature to determine that persons that a grand jury has found probable cause to believe have committed a felony of violence should be precluded from having, carrying, or using a firearm or dangerous ordnance. This is the gravamen of the offense. *Winkelman* and *Taniguchi* hold that, where prior to trial there has been a disposition of the felony-of-violence indictment favorable to the accused, the indictment no longer can be utilized for the disability element of the weapons-under-disability charge under R.C. 2923.13(A)(2). That is not the situation here, and we decline to extend *Taniguchi* so as to, in effect, rewrite the statute to eliminate a weapons-under-disability charge predicated upon an indictment for a felony of violence. Accordingly, the assignment of error is not well taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BOWMAN and PETREE, JJ., concur.