1426

## MOTION DOCKET

**95-1231.** State v. Moaning. *Montgomery County,* No. 14572. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the issue stated in the court of appeals' Decision and Entry dated June 8, 1995: "This matter comes before the court on the state's motion to certify the record in this case to the Supreme Court of Ohio as being in conflict with the decision of another appellate district. The state asserts, and we agree, that our decision in this appeal is in conflict with the decision of the Sixth District Court of Appeals in *State v. Lofties* (1991), 74 Ohio App.3d 824 [600 N.E.2d 744].

"The issue presented is whether a conviction for attempted drug abuse satisfies the statutory definition of an offense which creates a disability pursuant to R.C. 2923.13(A)(3). R.C. 2923.13(A)(3)

imposes a disability upon any person who 'has been convicted of any offense involving illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.' In *Lofties*, the Sixth District Court of Appeals held that a conviction for attempted drug abuse creates a disability pursuant to R.C. 2923.13(A)(3) when that section is read *in pari materia* with the statutory definitions of 'drug abuse offenses' in R.C. 2925.01(H)(1–4). On the other hand, we have held that attempted drug abuse, although it is a drug abuse offense, does not constitute an offense involving illegal possession or use of a drug of abuse.

"Having found that a conflict exists, we certify the following question to the Supreme Court of Ohio for review and final determination:

"Does a conviction for attempted drug abuse impose a disability pursuant to R.C. 2923.13(A)(3)?

"SO ORDERED."