[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 154.]

THE STATE OF OHIO, APPELLANT, *v*. TANIGUCHI, APPELLEE.

[Cite as *State v. Taniguchi*, 1995-Ohio-163.]

*Criminal law—Conviction under R.C. 2923.13 for having a weapon while under disability is not precluded when there is an acquittal on, or dismissal of, the indictment which formed the basis for the charge of having a weapon while under disability.*

A conviction under R.C. 2923.13 for having a weapon while under disability is not precluded when there is an acquittal on, or dismissal of, the indictment which had formed the basis for the charge of having a weapon while under disability.

(No. 94-1164—Submitted September 26, 1995—Decided December 6, 1995.)

CERTIFIED by the Court of Appeals for Franklin County, No. 93AP-1131.

———————————

{¶ 1} The facts of this case are basically undisputed. Defendant-appellee, Jay Taniguchi, while under indictment for felonious assault, was a suspect in an unrelated matter involving the cashing of stolen checks. Police officers executing a search warrant relative to the stolen checks found a gun in appellee's apartment, and appellee was indicted on several charges. For our purposes, the relevant part of this second indictment is two counts of having a firearm while under disability, the disability attaching due to appellee's pending indictment for felonious assault.

{¶ 2} Appellee filed a motion to dismiss the two counts of having a weapon while under disability after he was acquitted on the felonious assault charge arising from the first indictment. The trial court granted the motion, relying on *State v. Winkelman* (1981), 2 Ohio App.3d 465, 467, 442 N.E.2d 811, 815, overruled on other grounds State v. Frederick (July 17, 1989), Butler App. Nos. CA88-07-111 and CA88-07-118, unreported, 1989 WL 80493. *Winkelman* held that when a prior

indictment which serves as the basis for a charge of having a weapon under disability is resolved in the defendant's favor prior to the trial on the disability charge, that prior indictment is rendered ineffective to support the disability charge. The court of appeals affirmed the judgment of the trial court, and finding its decision to be in conflict with the decision of the Fifth District Court of Appeals in *State v. McQuay* (Aug. 6, 1990), Stark App. No. CA-8105, unreported, 1990 WL 120754, the appellate court certified the record of the cause to this court for review and final determination.

_____

*Michael Miller*, Franklin County Prosecuting Attorney, and *Joyce S. Anderson*, Assistant Prosecuting Attorney, for appellant.

*Terry K. Sherman*, for appellee.

_____

**ALICE ROBIE RESNICK, J.**

{¶ 3} The issue certified for our review is "[w]hether a defendant's acquittal on a prior charge, which served as the basis for charges against the defendant for having a weapon while under indictment, thereafter precludes a conviction on the weapon disability charges."

{¶ 4} Appellee's disability from having a weapon was imposed by R.C. 2923.13, which provides:

"(A)  Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly *** have *** any firearm *** if any of the following apply:

"***

"(2)  Such person is under indictment for *** any felony of violence ***."

{¶ 5} The court of appeals, in adopting the reasoning of *Winkelman*, *supra*, agreed with the proposition that when a defendant is acquitted on the underlying indictment, the disability based upon that previous indictment is considered

2

"dissolved *ab initio*" so that the charge of having a weapon under disability fails. See *Winkelman,* 2 Ohio App.3d at 467, 442 N.E.2d at 815. Thus, the court of appeals, like the court in *Winkelman*, essentially read an additional element into R.C. 2923.13(A)(2), as if the statute provided that no person shall have a firearm if that person is under an indictment for a felony of violence and is convicted pursuant to that indictment.

{¶ 6} In *State v. McQuay* (Aug. 6, 1990), Stark App. No. CA-8105, unreported, at 4, the Fifth District Court of Appeals stated:

"[W]e do not agree with the logic of *Winkelman*. R.C. 2923.13 prohibits any person under indictment for a felony of violence from acquiring, having, carrying, or using a firearm until such time as the indictment is dismissed, an acquittal rendered, or relief from disability obtained. In our view, regardless of the final outcome of the indicted charge, the gravamen of the disability is whether the indictment is *pending*.

"We find that once indicted, a person is under disability until such time as the indictment is resolved. However the matter is resolved has no retroactive effect, and a favorable resolution is not a legal defense to charges brought for wrongdoing during the pendency of the indictment." (Emphasis *sic*.)

{¶ 7} Like the court in *McQuay*, we see no need to read into the statute a requirement of an indictment which eventually leads to conviction. A court should give effect to the words actually employed in a statute, and should not delete words used, or insert words not used, in the guise of interpreting the statute. *State v. Waddell* (1995), 71 Ohio St.3d 630, 631, 646 N.E.2d 821, 822; *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.* (1979), 58 Ohio St.2d 1, 4, 12 O.O.3d 1, 2-3, 387 N.E.2d 1222, 1224. See *State v. Rose* (1914), 89 Ohio St. 383, 389, 106 N.E. 50, 52 (Courts should not construe words that need no construction or interpret language that needs no interpretation.). R.C. 2923.13(A)(2) is clear and

unambiguous on its face, and requires no interpretation. The fact that a defendant is later acquitted of the underlying felony of violence does not change the fact that the defendant was under indictment at the time he or she allegedly chose to have a weapon, and the defendant therefore falls within the terms of the statute.[1]

{¶ 8} It is basic hornbook law that the state under its police powers may impose restrictions on who may possess firearms. See *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 47, 616 N.E.2d 163, 172; *Mosher v. Dayton* (1976), 48 Ohio St.2d 243, 247-248, 2 O.O.3d 412, 414, 358 N.E.2d 540, 542-543. Absolutely no support can be found in the wording of R.C. 2923.13 for the argument that once an underlying indictment supporting a disability charge has been resolved in a defendant's favor, the weapons charge is no longer viable. Moreover, the legislative intent in precluding a person indicted for a felony of violence from having a weapon while that indictment is pending, regardless of the outcome of the pending indictment, is bolstered by the General Assembly's choice to begin R.C. 2923.13 with the phrase "[u]nless relieved from disability as provided in section 2923.14 of the Revised Code." R.C. 2923.14 provides a method for a person to obtain relief from the disability when the disability was imposed solely under R.C. 2923.13(A)(2) or (A)(3) (that is, when the disability attached solely due to the fact of a previous indictment or adjudication of delinquency on certain specified offenses), by applying to the common pleas court in the county of residence. Inasmuch as the General Assembly has clearly provided a method for an individual who is under indictment to have a weapon legally, the intent is obvious that if relief is not obtained, R.C. 2923.13 is violated. A violation of R.C. 2923.13(A)(2) or (A)(3) is committed at the time a person is under indictment. The later acquittal

---

1. Appellee does not argue that he had insufficient notice of the felonious assault indictment against him, nor does he argue any issue concerning inadequate notice that he would be disabled from weapons possession due to that prior indictment. See, *e.g.*, *State v. Quiles* (Feb. 3, 1993), Lorain App. No. 92CA005316, unreported, at 2-4, 1993 WL 27444. Therefore this case presents no notice issue for our review.

on, or dismissal of, the underlying indictment has no retroactive effect on the existence of the indictment itself, and does not convert the underlying indictment into a nullity.

{¶ 9} For all the foregoing reasons, we agree with the reasoning of the court in *McQuay* and hold that a conviction under R.C. 2923.13 for having a weapon while under disability is not precluded when there is an acquittal on, or dismissal of, the indictment which had formed the basis for the charge of having a weapon while under disability.

{¶ 10} Given our holding, appellee's acquittal on the prior assault charge did not require that the weapon-disability charges be dismissed, and the trial court erred in dismissing the charges because of the acquittal. The judgment of the court of appeals is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY, PFEIFER and COOK, JJ., CONCUR.

————————————