OPINION
Appellant, John Toddy, brings this appeal from a judgment of the Ashtabula County Court of Common Pleas, finding him guilty of having weapons while under a disability following a jury trial.
The following procedural history is relevant to this appeal. Prior to the instant matter, appellant was indicted in case number 98-CR-158 on three courts of aggravated trafficking of drugs. Subsequently, on April 8, 1999, a jury found appellant guilty of two counts of aggravated trafficking. Appellant learned of the guilty verdict at about 4 p.m. that day. However, a judgment entry, which reflected that the trial court accepted the jury's verdict, was not journalized until the following day, April 9, 1999.
On April 8, 1999, the same day that appellant was found guilty of drug trafficking, neighbors called the police reporting that they had heard gunshots coming from appellant's residence. When the police officers arrived on the scene, the police dispatcher telephoned appellant's residence and asked him to come out of the house. After complying with this request, appellant was handcuffed and placed in a police cruiser.
Police officers then obtained permission from appellant's wife to enter the residence in order to search for weapons. Subsequently, six guns were retrieved from appellant's residence.
Based on the events which took place on the evening of April 8, 1999, appellant was indicted by the Ashtabula County Grand Jury on June 3, 1999 for having weapons while under a disability, a felony of the fifth degree, in violation of R.C. 2923.13(A)(3). The indictment charged appellant with knowingly acquiring, having, carrying or using a firearm while "under indictment for or having been convicted of an offense involving the illegal possession, use, sale administration, distribution, or trafficking in a drug of abuse."
The matter proceeded to a jury trial, and on December 16, 1999, the jury returned a verdict of guilty. Appellant was sentenced to nine months in prison to be served consecutively with the sentence imposed in case number 98-CR-158. From this judgment, appellant filed a timely notice of appeal, asserting a single assignment of error for our consideration:
 "Appellant's conviction of having weapons while under disability violated appellant's rights pursuant to the fifth and fourteenth amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution."
Under his sole assignment of error, appellant contends that appellee, the State of Ohio, failed to meet its burden of proof in establishing that he had notice of his disability status. According to appellant, his disability was based on an indictment, not a conviction, for drug trafficking because the trial court did not enter the guilty verdict on its journal until April 9, 1999. Thus, the disability attached solely due to an indictment, not a conviction, and, as a result, he was entitled to notice of his disability status.[1]
In rebuttal, appellee argues that it is irrelevant whether the disability arose from an indictment rather than a conviction because the plain language of R.C. 2923.13(A)(3) does not impose a duty on the state to advise appellant of his disability status.
Hence, the issues before this court are whether appellant's disability under R.C. 2923.13(A)(3) arose from an indictment or a conviction, and whether appellant was entitled to notice of his disability status. We will address the former issue first.
Crim.R. 32(C) is pertinent to this matter, and it provides as follows:
 "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." (Emphasis added.)
A trial court speaks only through its journal entries. State ex rel.White v. Junkin (1997) 80 Ohio St.3d 335, 337. "`Journalization is the process by which the clerk enters a judgment entry upon the court's journal, and, therefore, finalizes a judgment.'" State v. Vernon (Mar. 31, 2000), Lake App. No. 99-1-006, unreported, at 2, 2000 WL 522348, quoting Gentry v. Richmond Industries (June 26, 1998), Lake App. No. 97-L-077, unreported, at 3, 1998 WL 553244.
In the instant matter, although the jury returned a guilty verdict on April 8, 1999, this verdict was not accepted by the trial court until the next day as the time stamp of the clerk on the judgment entry indicated journalization occurred on April 9, 1999. Under these circumstances, appellant was not convicted of drug trafficking until April 9, 1999 when the trial court accepted the guilty verdict of the jury because "[a] judgment is effective only when entered on the journal by the clerk." Crim.R. 32(C). Accordingly, appellant's disability, which stemmed from the events taking place on the evening of April 8, 1999, could only have been based on an indictment, not conviction, for drug trafficking.
It is significant that appellant is not claiming he did not know he had been indicted. Rather, his claim is that he had no notice that being under indictment creates the disability restriction now at issue. The facts are clear that appellant knew he had been indicted.
Having said that, we must next consider whether appellant was entitled to notice of his disability status when the disability attached solely from an indictment. Before proceeding towards our analysis, we note that this issue appears to be one of first impression in this court.
R.C. 2923.13 reads as follows:
 "(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
"* * *
 "(3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse * * *."
The Supreme Court of Ohio has recognized this statute to be "clear and unambiguous on its face, and requires no interpretation." State v.Taniguchi (1995), 74 Ohio St.3d 154, 156. As such, "[a] court should give effect to the words actually employed in a statute, and should not
delete words used, or insert words not used, in the guise of interpreting the statute." (Emphasis added.) Taniguchi at 156.
With this in mind, we recognize that under the plain language of R.C.2923.13(A)(3), notice of a disability is not an expressed element of the offense charged thereunder. The statute does not require a defendant to be aware of or have knowledge of his disability. State v. Smith (1987),39 Ohio App.3d 24, 25; State v. Schilling (September 19, 2000), Tuscarawas App. No. 2000AP040034, unreported, at 11, 2000 Ohio App. LEXIS 4340; State v. Jackson (Oct. 20, 1993), Summit App. No. CA 16086, unreported, at 3, 1993 WL 413648; State v. Quiles (Feb. 3, 1993), Lorain App. No. 92CA005316, unreported, at 1, 1993 WL 27444. Instead, R.C. 2923.13
only requires that the defendant knowingly acquire, have, carry, or use a firearm while under a disability. Smith at 25; Schilling at 11; Jackson
at 3; Quiles at 1.
While the Supreme Court of Ohio has not spoken on the issue of whether a defendant is entitled to notice of his disability status when the disability stems from an indictment, various appellate districts have recently touched on this issue. For instance, in his appellate brief, appellant relies, in large part, on the reasoning announced by the Twelfth Appellate District in State v. Winkelman (1981), 2 Ohio App.3d 465, to support his contention that under the facts of this case, his ignorance of the law should be a defense to the criminal prosecution.
In Winkelman, the defendant was indicted for aggravated robbery and felonious assault. Prior to trial on these crimes, the defendant was indicted for having a weapon while under a disability. After the defendant was convicted by a jury on the disability charge, he appealed contending that he lacked actual notice or knowledge of his disability status. Winkelman at 464-465, 468-469.
Upon consideration, the Twelfth Appellate District held that for a conviction to lie under R.C. 2923.13(A)(2), when the disability stemmed solely from a prior indictment, the state must prove that the defendant had been given notice of being under a disability. Id. at 469. See, also, State v. Burks (June 22, 1990), Sandusky App. No. S-89-13, unreported, at 2-3, 1990 WL 85126.[2] However, no prior notice is required when the underlying disability is based upon a former conviction as the conviction itself puts the defendant on notice. State v. Lofties
(1991), 74 Ohio App.3d 824, 827-828; Smith at 25.
The aftermath of Winkelman produced the decision in State v. Frederick
(July 17, 1989), Butler App. No. CA88-07-111 and CA88-07-118, unreported, 1989 WL 80493, wherein, the Twelfth Appellate District overruled part of its previous decision in Winkelman. In Frederick, the defendant was awaiting trial for illegal weapons possession when he was indicted for having weapons while under a disability. Subsequently, the defendant was convicted on the disability charge. On appeal, he argued that under Winkelman, the state failed to notify him that his prior indictment restricted him from firearm possession. As a result, the state failed to establish all the elements of the disability offense.Frederick at 1-3.
Upon reflection, the Twelfth Appellate District overruled Winkleman's
holding "that notice of a disability is a prerequisite to conviction [under R.C. 2923.13]." Id. at 3. In doing so, the court abandoned the distinction between a disability based on an indictment and one based on a conviction:
 "* * * [A] defendant need only have knowledge as to the possession element of the offense and not knowledge of a disability. Thus, * * * appellant need not have been aware that his previous indictment made him a member of a class restricted from firearm possession, but need only have been aware he was under indictment at the time he purchased the gun.
"* * *
 "* * * [W]e cannot continue to support the notion that `ignorance of the law should be a defense to the criminal prosecution,' * * * where the previous indictment itself should alert the defendant to potential restrictions upon his normal activity.
 "* * * Because we hold notice is not an essential element of the crime of having a weapon while under a disability under R.C. 2923.13, appellant's lack of notice in this case does not constitute a basis for reversal of his convictions of this offense." (Citations omitted.) Id. at 3-4.
Numerous appellate courts, such as the Fifth and Ninth, have refused to follow Winkelman, and instead, have agreed with the reasoning set forth in Frederick. See, e.g., Schilling at 11; Jackson at 11.
In light of the foregoing, we hold that R.C. 2923.13 did not require appellant to have notice of his disability status when his disability stemmed solely from an indictment. The plain language of the statute does not support the contention that notice to a defendant of his disability status is an essential element of the offense. Rather, R.C.2329.13 only requires a defendant to knowingly acquire, have, carry, or use a weapon while a disability exists. Smith at 25; Schilling at 11;Jackson at 3; Quiles at 1. Under the circumstances of this case, we cannot support the notion that ignorance of the law is a defense. Appellant's sole assignment of error is without merit.
Based on the aforementioned reasons, the judgment of the trial court is affirmed.
 ______________________________________________________ JUDGE JUDITH A. CHRISTLEY
O'NEILL, P.J., dissents,
FORD, J., concurs in judgment only with Concurring Opinion.
[1] Appellant admitted during the trial that he was aware that he could not have a firearm after a felony conviction.
[2] The court in Winkelman further determined that a disability conviction is precluded when there is an acquittal or dismissal of the indictment which had formed the basis for the disability charge. Id. at 467-468. However, the Supreme Court of Ohio disagreed with this logic, stating that "[a]bsolutely no support can be found in the wording of R.C. 2923.13 for the argument that once an underlying indictment supporting a disability charge has been resolved in a defendant's favor, the weapons charge is no longer viable." Taniguchi at 157. However, the issue of whether a defendant is entitled to notice of his disability status was not presented for review in Taniguchi. Id. at 156, fn. 1.
 CONCURRING OPINION