OPINION
Defendant-appellant, Kelly Lynn Greco, appeals her conviction in the Butler County Court of Common Pleas for driving while under the influence of alcohol ("DUI").
At approximately 1:15 a.m. on July 21, 1998, Officer Paul Webb of the Hamilton Police Department ("HPD") observed appellant's vehicle stopped in a westbound traffic lane on Heaton Street, located in Hamilton, Butler County, Ohio. At that time, Officer Webb was parked at the corner of Heaton and Sixth Streets, just ahead of where appellant was stopped. A person approached the passenger side of appellant's car from a nearby porch, and leaned into the car to speak to the occupants. During this time, at least one car was required to drive in the eastbound lane, around appellant's vehicle, in an attempt to continue westbound on Heaton. When appellant began to drive away, Officer Webb decided to pull her over for impeding the flow of traffic.
As appellant drove past, Officer Webb turned on his overhead lights, and appellant pulled her car to the side of the road. As he approached appellant's driver side window, Officer Webb smelled the odor of alcohol and noticed a passenger in the car. He asked for appellant's driver's license, but appellant was unable to find it. Officer Webb questioned appellant and noticed that her speech was slightly slurred and very slow. When he asked appellant if she had been drinking, appellant and her passenger, Denise Miller, responded that only Miller had been drinking.
Officer Webb believed that appellant may have been intoxicated, and he requested that she get out of her vehicle and perform field sobriety tests. As appellant exited her vehicle, Officer Webb noticed two open beer bottles and a twelve pack of beer in the vehicle. Appellant stumbled when exiting her vehicle, catching herself on the driver's side door.
Officer Webb administered a horizontal gaze nystagmus ("HGN") test, and appellant displayed six out of six possible factors indicating intoxication. Officer Webb then had appellant perform a one-leg stand test and a heel-to-toe test, and appellant failed both. She was able to stand on one leg for only five seconds, not the thirty seconds which Officer Webb requested. Appellant also failed to touch her heels to toes, walk with her arms down, or properly turn in the heel-to-toe test. Officer Webb again asked appellant if she had been drinking, and she replied that she had consumed some beer.
At that time, Officer Webb arrested appellant for DUI and transported her to the HPD headquarters. Appellant was requested to take a breathalyzer test to determine her blood alcohol level, and she was read the implied consent form. Appellant asked to call her attorney but was unable to locate him. She then called a friend, asking for advice on whether to refuse the test. Appellant informed the officers that she would not take the breathalyzer test nor any other blood or urine tests.
Appellant was then cited for DUI, possession of an open container, and impeding the flow of traffic. On August 27, 1998, an indictment was filed charging appellant with impeding the flow of traffic, a violation of R.C. 4511.22, a minor misdemeanor, possessing an open container, a violation of R.C. 4301.62, a minor misdemeanor, and DUI, a violation of R.C. 4511.19(A)(1). Because appellant had three prior DUI convictions within the past six years, the DUI charge was elevated to a fourth degree felony.
On November 16, 1998, the case was tried before a jury. The state presented the testimony of Officer Webb, as well as three other law enforcement officers. Trooper Richard Kelly, Jr. of the Ohio State Highway Patrol testified regarding his arrest of appellant for DUI on March 27, 1993. Officer Jeff Rooney of the Union Township Police Department, formerly of the HPD, testified regarding his arrest of appellant for DUI on November 4, 1994. Officer Courtney York of the HPD testified regarding her arrest of appellant for DUI on April 30, 1997. All three officers testified that appellant was subsequently convicted for DUI in each case, and the state introduced into evidence certified copies of the judgment entry of conviction for the three past DUI convictions.
In her defense, appellant testified and presented two witnesses, Alice Brockman and Edward Rice. Appellant testified that Officer Webb did not properly demonstrate the field sobriety tests to her, and that she was harassed at the police department. She also testified that Officer Webb's description of her clothing was incorrect. Both of her witnesses testified that appellant was not wearing the clothing described by Officer Webb. Brockman testified that appellant was sober when she last saw her at 11:30 p.m. that night. Rice testified that appellant was sober when he posted appellant's bond at 6:00 a.m. after her arrest.
The jury found appellant guilty of all charges and the specification that she had three prior DUI convictions in the past six years. On September 23, 1998, a sentencing hearing was held. Appellant was ordered to serve twelve months in the Resolutions jail facility and pay a $2,500 fine, and her driving license was suspended indefinitely. Appellant was ordered to pay a $25 fine on both the open container and impeding the flow of traffic violations. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN FAILING TO ORDER A MISTRIAL WHEN EVIDENCE REGARDING PRIOR BAD ACTS WERE REPEATEDLY INTRODUCED.
 In her first assignment of error, appellant contends that a mistrial was required because the state was improperly allowed to introduce evidence regarding a past charge against appellant for child endangering. Appellant further contends that a mistrial was warranted because the prosecutor repeatedly referred to appellant's prior convictions in disregard of admonitions by the trial court.
The granting or denying of a mistrial is within the sound discretion of the trial court, and will not be disturbed absent a showing that the accused has suffered material prejudice. Statev. Blankenship (1995), 102 Ohio App.3d 534, 549, appeal not allowed, 73 Ohio St.3d 1426, affirmed (1996), 74 Ohio St.3d 522. A mistrial should be granted only when a fair trial is no longer possible. State v. Franklin (1991), 62 Ohio St.3d 118, 127, certiorari denied (1992), 504 U.S. 960, 112 S.Ct. 2315, certiorari denied (1995), 516 U.S. 950, 116 S.Ct. 394. A mistrial should not be granted merely because some minor error or irregularity has arisen. Blankenship, 102 Ohio App.3d at 549.
In the instant case, appellant argues that the state attempted to improperly introduce evidence of a prior charge of child endangering. Officer York testified that she arrested appellant on DUI and child endangering charges. Appellant objected and the trial court instructed the jury to disregard the fact that appellant had been charged with child endangering. A jury is presumed to follow the instructions given to it by the trial judge. State v. Loza (1994), 71 Ohio St.3d 61, 75, reconsideration denied, 71 Ohio St.3d 1437, certiorari denied (1995), 514 U.S. 1120, 115 S.Ct. 1983. We cannot say that appellant was denied a fair trial, as this was one passing reference, and the trial court promptly gave to the jury a curative instruction to disregard the improper statement.
Appellant further argues that the prosecutor attempted to introduce improper evidence of prior bad acts and ask improper questions, and that this misconduct by the prosecutor warranted a mistrial. The trial court is entrusted with broad discretion in controlling the scope of cross-examination. O'Brien v. Langley
(1980), 63 Ohio St.2d 159, 163. Evid.R. 611 permits cross-examination on "all relevant matters and matters affecting credibility."
Appellant argues that the prosecutor committed misconduct by improperly inquiring into the past child endangering charge against her. The state did not inquire into appellant's past child endangering charge. The state did ask appellant about her job and her children, both of which were subjects raised by appellant in her direct testimony. Both were proper subjects of cross-examination. Evid.R. 611(B); State v. Gest (1995),108 Ohio App.3d 248, 257-258.
Appellant also asserts that the prosecutor attempted to introduce the circumstances of appellant's past DUI convictions. The state was allowed to cross-examine appellant as to whether field sobriety tests had been performed at her previous arrests, but the state was prevented from questioning appellant as to the results of these tests. In direct examination, appellant testified that Officer Webb had demonstrated the tests differently in court than he had at the scene of the arrest. Appellant also testified that she was unsure about how to perform some of the field sobriety tests. Because appellant introduced testimony on this issue, the state was allowed to attack her credibility by cross-examining her as to whether she had any previous experience in performing field sobriety tests from her prior arrests. Gest,108 Ohio App.3d at 257-258. We find that the trial court acted appropriately in allowing these questions, while preventing the state from inquiring into the results of the prior field sobriety tests.
Appellant last asserts that the prosecutor committed misconduct by mischaracterizing her testimony on cross-examination. On cross-examination, the following exchange occurred between appellant and the prosecutor:
 Q. And he [Officer Webb] asked you whether you'd been drinking didn't he?
A. Yes.
 Q. And you initially told him that you hadn't been drinking; isn't that correct?
A. Yes.
 Q. Okay. Now, I want to ask you about that for a second. You initially told him that you had not been drinking. Told him that you didn't have a drop didn't you?
A. Yes.
Q. Okay. And that was a lie; is that correct?
A. Yes.
* * *
 Q. And you told him that lie because you didn't want to get in trouble; isn't that fair to say?
* * *
 A. When he asked me if I'd been drinking I, you know, didn't feel as though I had been drinking. Not in the manner that he was asking.
 Q. Well you didn't say that to him did you? You said, "Not a drop."
* * *
Q. You said, "Not a drop," didn't you?
 A. That's not exactly how I put it but I told him, "No, I had not drank anything."
 Q. See, I thought just one second ago you told us you said, "Not a drop."
* * *
Q. So what is it? Did you tell him not a drop?
A. Told him that I had not drank anything.
 Q. Okay. You told him that because you didn't want to get in trouble, didn't you?
A. I was scared.
(Objections omitted.)
 When reviewing this exchange in its entirety, rather than singling out isolated comments, it is clear that the prosecutor questioned appellant in light of her agreement with the question that she told Officer Webb that she "didn't have a drop." When given the opportunity to correct this misstatement, appellant clarified her earlier answer. The prosecutor was evidently impeaching appellant's credibility by inquiring into her answers to Officer Webb's questions at the time of the arrest. Evid.R. 611. There was some confusion as to appellant's answers, and the prosecutor gave appellant the opportunity to remedy this confusion. The state did not commit any misconduct, and the trial court properly denied appellant's motion for a mistrial.
We find that the trial court did not err in denying appellant's motion to declare a mistrial. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 APPELLANT'S CONVICTION WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 In her second assignment of error, appellant contends that her conviction was against the manifest weight of the evidence. Appellant contends that the jury lost its way because of the effects of the testimony challenged above and because Officer Webb's testimony was not credible.
Unlike a challenge to the sufficiency of the evidence, which attacks the adequacy of the evidence presented, a challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v. Thompkins (1997), 78 Ohio St.3d 380,386-87, rehearing/reconsideration denied (1997), 79 Ohio St.3d 1451. When inquiring into the manifest weight of the evidence, the reviewing court sits as the "thirteenth juror and makes an independent review of the record." Id. at 387; Tibbs v.Florida (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 2218. In taking on this role,
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
 State v. Martin (1983), 20 Ohio App.3d 172, 175. A jury verdict will not be disturbed on appeal if reasonable minds could arrive at the conclusion reached by the jury. State v. Fields
(1995), 102 Ohio App.3d 284, 287.
Upon review of the record, we cannot say that the jury lost its way in finding appellant guilty of driving while under the influence of alcohol. As noted in our discussion of the first assignment of error, there was no improper evidence before the jury which would lead the jury to the wrong conclusion.
The state presented evidence tending to show that appellant was intoxicated. Officer Webb testified that appellant had slurred speech and smelled of alcohol. Appellant admitted to drinking, and she stumbled when getting out of her vehicle. Appellant failed two field sobriety tests, and displayed six of six indicators of intoxication in the HGN test. Although Officer Webb may not have clearly remembered some minor details, he did clearly remember appellant's failure of the field sobriety tests, and appellant did not establish that Officer Webb's conclusions regarding these tests were mistaken.
We find that appellant's conviction for driving while under the influence of alcohol was not against the manifest weight of the evidence. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.