OPINION
{¶ 1} This appeal involves a decision of the Clermont County Court of Common Pleas ordering the forfeiture of a firearm for destruction under R.C. 2933.41.
 {¶ 2} In 1993, appellant, Connie Sue Jordan, was convicted of permitting drug abuse in violation of R.C. 2925.13, a misdemeanor offense. Years later, police seized the subject weapon, a 12-gauge shotgun, at Jordan's residence while responding to an incident unrelated to her previous drug abuse conviction. When Jordan subsequently asked that the weapon be returned, police conducted a background check and discovered her prior conviction for permitting drug abuse.
 {¶ 3} The state commenced a proceeding under R.C. 2933.41, claiming Jordan's drug-related conviction was a disability that prevented her from possessing firearms. The trial court agreed and ordered that the weapon be destroyed.
 {¶ 4} The only substantial argument Jordan presents in her pro se brief, which the court will consider as an assignment of error, is that her constitutional rights were violated when the trial court ordered the destruction of her shotgun.
 {¶ 5} R.C. 2933.41 governs the disposition of property that is not contraband but has been seized and held by a law enforcement agency. Jordan does not challenge the seizure of the weapon per se, but argues that the property was wrongfully withheld and should be returned to her. Under R.C. 2933.41(C)(2), an individual loses any right to the possession and ownership of seized property if a court determines that it is unlawful for the person to possess the property in question.
 {¶ 6} The state argues that Jordan was precluded from possessing a firearm under R.C. 2923.13(A)(3). R.C. 2923.13(A)(3) provides that no person shall acquire or have any firearm if that person "* * * has been convicted of any offense involving the illegal possession, use, sale, administration, distribution or trafficking in any drug of abuse * * *." (Emphasis added.) Jordan was convicted of permitting drug abuse in violation of R.C. 2925.13. A conviction under R.C. 2925.13 is defined as a "drug abuse offense." R.C. 2925.01(G)(1). Furthermore, the language in R.C. 2923.13(A)(3) referring to "any offense involving * * * any drug of abuse" includes "drug abuse offenses" as defined in R.C. 2925.01(G). See State v. Lofties (1991),74 Ohio App.3d 824, jurisdictional motion overruled (1991),62 Ohio St.3d 1469.
 {¶ 7} Notwithstanding her arguments, Jordan has been convicted of an offense involving a drug of abuse and is under a disability. Accordingly, under Ohio law it is unlawful for her to acquire or possess a firearm. State v. Johnson (Aug. 23, 1993), Clinton App. No. CA93-03-007. Moreover, it is a well-established principle that the constitutional right to possess a firearm is not absolute. See State v. Pauley (1982), 8 Ohio App.3d 354, citing Lewis v. United States (1980), 445 U.S. 55,100 S.Ct. 915.
 {¶ 8} For the reasons set forth above, we find that the trial court did not err in ordering the forfeiture and destruction of Jordan's firearm. The assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
Young, P.J., and Powell, J., concur.