THE STATE OF OHIO, APPELLANT, *v.* TANIGUCHI, APPELLEE.

[Cite as *State v. Taniguchi* (1995), 74 Ohio St.3d 154.]

(No. 94–1164—Submitted September 26, 1995—Decided December 6, 1995.)

*Michael Miller,* Franklin County Prosecuting Attorney, and *Joyce S. Anderson,* Assistant Prosecuting Attorney, for appellant.

*Terry K. Sherman,* for appellee.

ALICE ROBIE RESNICK, J.   The issue certified for our review is "[w]hether a defendant's acquittal on a prior charge, which served as the basis for charges against the defendant for having a weapon while under indictment, thereafter precludes a conviction on the weapon disability charges."

Appellee's disability from having a weapon was imposed by R.C. 2923.13, which provides:

"(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly * * * have * * * any firearm * * * if any of the following apply:

"* * *

"(2) Such person is under indictment for \* \* \* any felony of violence \* \* \*."

The court of appeals, in adopting the reasoning of *Winkelman, supra,* agreed with the proposition that when a defendant is acquitted on the underlying indictment, the disability based upon that previous indictment is considered "dissolved *ab initio* " so that the charge of having a weapon under disability fails. See *Winkelman,* 2 Ohio App.3d at 467, 2 OBR at 563–564, 442 N.E.2d at 815. Thus, the court of appeals, like the court in *Winkelman,* essentially read an additional element into R.C. 2923.13(A)(2), as if the statute provided that no person shall have a firearm if that person is under an indictment for a felony of violence and is convicted pursuant to that indictment.

In *State v. McQuay* (Aug. 6, 1990), Stark App. No. CA–8105, unreported, at 4, the Fifth District Court of Appeals stated:

"[W]e do not agree with the logic of *Winkelman.* R.C. 2923.13 prohibits any person under indictment for a felony of violence from acquiring, having, carrying, or using a firearm until such time as the indictment is dismissed, an acquittal rendered, or relief from disability obtained. In our view, regardless of the final outcome of the indicted charge, the gravamen of the disability is whether the indictment is *pending.*

"We find that once indicted, a person is under disability until such time as the indictment is resolved. However the matter is resolved has no retroactive effect, and a favorable resolution is not a legal defense to charges brought for wrongdoing during the pendency of the indictment." (Emphasis *sic.*)

Like the court in *McQuay,* we see no need to read into the statute a requirement of an indictment which eventually leads to conviction. A court should give effect to the words actually employed in a statute, and should not delete words used, or insert words not used, in the guise of interpreting the statute. *State v. Waddell* (1995), 71 Ohio St.3d 630, 631, 646 N.E.2d 821, 822; *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.* (1979), 58 Ohio St.2d 1, 4, 12 O.O.3d 1, 2–3, 387 N.E.2d 1222, 1224. See *State v. Rose* (1914), 89 Ohio St. 383, 389, 106 N.E. 50, 52 (Courts should not construe words that need no construction or interpret language that needs no interpretation.). R.C. 2923.13(A)(2) is clear and unambiguous on its face, and requires no interpretation. The fact that a defendant is later acquitted of the underlying felony of violence does not change the fact that the defendant was under indictment at the time he or she allegedly chose to have a weapon, and the defendant therefore falls within the terms of the statute.[1]

---

1. Appellee does not argue that he had insufficient notice of the felonious assault indictment against him, nor does he argue any issue concerning inadequate notice that he would be disabled from

It is basic hornbook law that the state under its police powers may impose restrictions on who may possess firearms. See *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 47, 616 N.E.2d 163, 172; *Mosher v. Dayton* (1976), 48 Ohio St.2d 243, 247–248, 2 O.O.3d 412, 414, 358 N.E.2d 540, 542–543. Absolutely no support can be found in the wording of R.C. 2923.13 for the argument that once an underlying indictment supporting a disability charge has been resolved in a defendant's favor, the weapons charge is no longer viable. Moreover, the legislative intent in precluding a person indicted for a felony of violence from having a weapon while that indictment is pending, regardless of the outcome of the pending indictment, is bolstered by the General Assembly's choice to begin R.C. 2923.13 with the phrase "[u]nless relieved from disability as provided in section 2923.14 of the Revised Code." R.C. 2923.14 provides a method for a person to obtain relief from the disability when the disability was imposed solely under R.C. 2923.13(A)(2) or (A)(3) (that is, when the disability attached solely due to the fact of a previous indictment or adjudication of delinquency on certain specified offenses), by applying to the common pleas court in the county of residence. Inasmuch as the General Assembly has clearly provided a method for an individual who is under indictment to have a weapon legally, the intent is obvious that if relief is not obtained, R.C. 2923.13 is violated. A violation of R.C. 2923.13(A)(2) or (A)(3) is committed at the time a person is under indictment. The later acquittal on, or dismissal of, the underlying indictment has no retroactive effect on the existence of the indictment itself and does not convert the underlying indictment into a nullity.

For all the foregoing reasons, we agree with the reasoning of the court in *McQuay* and hold that a conviction under R.C. 2923.13 for having a weapon while under disability is not precluded when there is an acquittal on, or dismissal of, the indictment which had formed the basis for the charge of having a weapon while under ,disability.

Given our holding, appellee's acquittal on the prior assault charge did not require that the weapon-disability charges be dismissed, and the trial court erred in dismissing the charges because of the acquittal. The judgment of the court of

---

. weapons possession due to that prior indictment. See, *e.g., State v. Quiles* (Feb. 3, 1993), Lorain App. No. 92CA005316, unreported, at 2–4, 1993 WL 27444. Therefore this case presents no notice issue for our review.

appeals is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.