OPINION.
The defendant-appellant, Anthony Criswell, appeals from convictions for felonious assault with two firearm specifications, preparation of cocaine for sale, possession of cocaine for sale with a major-drug-offender specification, and two counts of having a weapon while under a disability. In his three assignments of error, he contends (1) that the trial court lacked jurisdiction to convict for the offense of felonious assault, as there was no signed jury waiver of record; (2) that his confession relative to the offense of possession of cocaine was coerced; and (3) that the evidence was insufficient for his conviction on the two counts of having a weapon while under a disability. We conclude that only his third assignment of error has merit.
Indictment No. B-9907155 was returned against Criswell for felonious assault, and a warrant was issued for his arrest on September 23, 1999. On October 1, 1999, he did not appear for arraignment, and a notation was made in the docket, "outstanding warrant continued." The record reflects that the indictment numbered B-9907155 was first served on Criswell when police officers arrested him on October 27, 1999, on the outstanding warrant after he was found at apartment 205, 7 West Charlton Street. During the arrest, the officers recovered cocaine, baggies, scales and two handguns from the apartment. Criswell acknowledged that these items were his. The handguns became the subject of the two counts of having a weapon while under a disability in the indictment numbered B-9908329.
On January 21, 2000, Criswell was found guilty in a bench trial of felonious assault and the accompanying firearm specifications, as he stood charged in the indictment numbered B-9907155. The trial court imposed a ten-year prison term. On February 16, 2000, Criswell was found guilty in a separate bench trial of preparation of cocaine for sale, possession of cocaine for sale with a major-drug-offender specification, and the two counts of having a weapon while under a disability, as he stood charged in the indictment numbered B-9908329. The trial court imposed a fifteen-year prison term for these offenses to run consecutively with Criswell's other sentence.
In his third assignment of error, Criswell contends that where an alleged weapons disability stems solely from an indictment for a felony of violence, the state's failure to notify the defendant of the prior indictment makes it impossible to prove all the elements of R.C. 2923.13, which states:
 (A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordinance, if any of the following apply:
 (2) Such person is under indictment for or has been convicted of any felony of violence.
 Other districts have held that the defendant need not have actual knowledge of a disability to be convicted under R.C. 2923.13. See, e.g., State v. Smith
(1987), 39 Ohio App.3d 24, 528 N.E.2d 1292; State v. Varney (June 29, 1990), Miami App. Nos. 89-CA-31, 89-CA-33 and 89-CA-36, unreported. Criswell does not argue that he was entitled to notice of the disability itself, but to notice of the indictment that gave rise to the disability.
Service of the indictment, and not the commission of the offense of violence, is the event that triggers a violation of R.C. 2923.13(A). The culpable mental state "knowingly," although used only once in R.C.2923.13(A), seems intended to modify both the defendant's acquisition, possession, or use of the firearm and the element requiring the defendant to be under indictment for any felony of violence. If the statute is not so read, lawful possession of a firearm matures into unlawful possession the instant a grand jury returns an indictment. Accordingly, the grand jury's action in returning the indictment would make the offense one of strict liability. Applying the test in R.C. 2901.21(B), we are not persuaded that the General Assembly has plainly indicated a purpose to impose strict liability in cases when a defendant does not know that he has been indicted. See Middletown v. Campbell (1990), 69 Ohio App.3d 411,590 N.E.2d 1301; State v. Buehler Food Markets (1989), 50 Ohio App.3d 291,552 N.E.2d 680.
This conclusion appears consistent with the analysis of courts that have construed R.C. 2923.13(A)(2). In State v. Taniguchi (1995),74 Ohio St.3d 154, 656 N.E.2d 1286, the Ohio Supreme Court held that a conviction for having a weapon while under a disability is not precluded by an acquittal under, or by a dismissal of, the indictment that is the basis of the charge. But the court also noted that the defendant had not argued "that he had inadequate notice of [the] felonious assault indictment against him." Id. at 156, 656 N.E.2d at 1287, fn. 1.
In a case involving the issue of whether an individual could be convicted of driving under suspension without knowledge of the suspension, the Second District Court of Appeals discussed R.C. 2923.13
by analogy. It stated that while a defendant could be convicted of possessing a weapon while under a disability without knowledge that an indictment constituted a disability, the defendant had to know of the indictment at the time he or she took possession of the weapon. SeeState v. Gilbo (1994), 96 Ohio App.3d 332, 338, 645 N.E.2d 69, 73; Statev. Frederick (July 17, 1989), Butler App. Nos. CA88-07-111 and CA88-07-118, unreported. See, also, State v. Quiles (Feb. 13, 1993), Lorain App. No. 92CA005316, unreported.
In this case, the record does not demonstrate that, at the time of the alleged weapons offenses, Criswell had knowledge of the indictment for felonious assault under the number B-9907155. He was not served with that indictment until he was arrested on the charges that were the subject of the indictment numbered B-9907155, which included the disability charges, on October 27, 1999, at the apartment on West Charlton Street. Since Criswell did not have knowledge of the earlier indictment, he could not have been convicted of having a weapon while under a disability pursuant to R.C. 2923.13(A)(2). Therefore, we sustain his third assignment of error and reverse his conviction for that offense.
The first assignment of error, contending that the trial court lacked jurisdiction absent a journalized jury waiver under State v. Pless
(1996), 74 Ohio St.3d 333, 658 N.E.2d 766, syllabus, is overruled. An entry journalized on January 26, 2001, by the trial court ordered that Criswell's jury waiver, signed January 18, 2000, but not journalized at that time, be entered nunc pro tunc, pursuant to App.R. 9(E), and a supplemental transcript were thereafter submitted to this court. We have held that a trial court has jurisdiction to try a defendant without a jury when a waiver has appropriately been entered nunc pro tunc after the conviction. See State v. Wallace (Dec. 10, 1999), Hamilton App. No. C-980314, unreported.
The second assignment of error is, likewise, overruled. Criswell argues that, during his interrogation, Officer Trotta, without disclosing the mandatory maximum prison term for a major drug offender, informed Criswell that it would be in his best interest to cooperate with the investigation. But a suggestion by police to cooperate does not alone invalidate a confession. State v. Loza (1994), 71 Ohio St.3d 61,641 N.E.2d 1082; see State v. Wilson (1996), 117 Ohio App.3d 290,690 N.E.2d 574.
Because we have sustained the third assignment of error, that part of the judgment of conviction for having a weapon while under a disability pertinent to counts three and four of the indictment numbered B-9908329 is reversed, and Criswell is discharged on those counts only. The judgment is affirmed as to all other counts under the indictment numbered B-9907155(B) and as to the convictions arising from the indictment numbered B-9908329.
Painter and Shannon, JJ., concur.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
 __________________ Gorman, Judge.