OPINION
This is a State appeal from a judgment of the Marion County Court of Common Pleas, in which the trial court acting sua sponte, terminated all community control sanctions previously imposed upon Defendant-appellee, Jeremy A. McCombs.
On May 1, 2000, McComb was found guilty by a jury of one count of Domestic Violence under R.C. 2919.25(A), a felony of the fifth degree. In an August 4, 2000 judgment entry, McComb was sentenced to three years of community control sanctions. McComb appealed this conviction. However, on December 14, 2000, this court affirmed the judgment of the trial court.
On August 20, 2001, the trial court issued a judgment entry releasing McCombs from his community control sanctions after he had served approximately twelve months of his community control. The judgment entry stated,
 [T]he defendant has performed the duties and obligations imposed upon him as a result of Community Control Sanctions wholly and completely.
 * * *
 It is therefore ordered, adjudged and decreed that the Defendant, Jeremy A. McCombs, be released from community control sanctions in the above case wholly, fully and completely forthwith.
 It is the further order of the court that the defendant be restored to all rights of citizenship of which he may have been deprived under Revised Code 2961.01 * * *.
 * * *
 Pursuant to R.C. 2923.13, the defendant continues to be prohibited from knowingly acquiring, having, carrying, or using any firearm or dangerous ordinance.
The State of Ohio now appeals asserting two assignments of error which will be discussed together.
 The trial court erred by releasing the defendant from community control sanctions after the defendant only served one year on community control sanctions, when he had been sentenced to a term of three years of community control sanctions, in violation of R.C. 2929.15(C).
 The trial court erred by reducing the period of time defendant must comply with any individual sanction, other than mandatory sanctions, without finding that the defendant had performed an individual sanction in an exemplary manner for a significant period of time, in violation of R.C. 2929.15(C).
An appellate court reviews issues of statutory construction de novo. See State v. Wemer (1996), 112 Ohio App.3d 100, 103. When a statute is unambiguous and definite on its face, it is to be applied as written and not construed. State ex rel. Herman v. Klopfleisch (1995),72 Ohio St.3d 581, 584. In order to interpret an unambiguous statute or rule, Courts must give effect to the words explicitly used in a statute or rule rather than deleting words used, or inserting words not used.State v. Taniguchi (1995), 74 Ohio St.3d 154, 156.
R.C. 2929.15(C) provides,
 If an offender, for a significant period of time, fulfills the conditions of a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code in an exemplary manner, the court may reduce the period of time under the sanction or impose a less restrictive sanction, but the court shall not permit the offender to violate any law or permit the offender to leave the state without the permission of the court or the offender's probation officer. [emphasis added].
In this case, the trial court released McComb from community control sanctions pursuant to R.C. 2929.15(C). However, while the trial court ordered McComb to refrain from acquiring, having, carrying, or using any firearm or dangerous ordinance under R.C. 2923.13, it failed to preserve the requirements that McComb was not permitted to violate any law or leave the state without permission. It is clear from the language of R.C. 2929.15(C) that these conditions must be maintained even when reducing the period of time under a sanction. Therefore, we find that the trial court erred when it failed to include the appropriate orders maintaining these mandatory conditions in its judgment entry as required by R.C. 2929.15(C).
Appellant further argues that the statute requires the trial court to make a finding that McComb had for a significant period of time, fulfilled the conditions of the individual sanctions in an exemplary manner. We agree. However, while we think it is always the better practice for a trial court to use the precise language of the statute in making any required findings on the record or in a judgment entry, the trial court in this case stated that McComb had "performed the duties and obligations imposed upon him as a result of community control sanctions wholly and completely." We find this language substantially complies with the required findings of R.C. 2929.15.[1]
Based on the foregoing, Appellant's first assignment of error is sustained and Appellant's second assignment of error is overruled. The judgment of the trial court is affirmed in part and reversed and remanded in part to be decided in accordance with this opinion.
Judgment affirmed in part and reversed in part.
BRYANT and WALTERS, J.J., concur.
[1] We find no express authority which would appear to preclude a trial court from acting sua sponte to reduce or terminate certain community control sanctions. However, where a trial court chooses to do so, we believe better practice, in the absence of any motion, notice or opportunity to be heard afforded the parties, would dictate placing some factual basis for the determination into the record or judgment entry.