OPINION.
{¶ 1} This is an appeal from the judgment of the Auglaize County Court of Common Pleas which found defendant-appellant, Jose Rojas ("Rojas"), guilty of two counts of aggravated robbery, one count of felonious assault, one count of having a weapon under disability, and one count of fleeing and eluding.
 {¶ 2} On November 19, 2002, Rojas entered a men's restroom at a rest-area located on I-75 in Auglaize County. Rojas proceeded to hit William McEwan (McEwan) over the head with a pipe as McEwan was preparing to use the urinal. Subsequently, Rojas demanded money and when McEwan did not comply, Rojas pulled a gun on McEwan and again demanded money. While Rojas had the gun pointed at McEwan, the rest area's caretaker, Marcus Daniel, entered the restroom from a utility closet. After briefly turning his gun at him, Rojas told Daniel to "get your ass back in there." Daniel complied and then called the police. After a high speed car chase through Allen County, Rojas was arrested and charged with two counts of aggravated robbery under R.C. 2911.01(A)(1) each with a gun specification and repeat violent offender specification; one count of felonious assault under R.C. 2903.11(A)(2) with a gun specification and repeat violent offender specification; one count of having a weapon while under a disability under R.C. 2923.13(A)(2); and one count of fleeing and eluding under R.C. 2921.331(B)(C)(5)(a)(ii).
 {¶ 3} After a jury trial, Rojas was convicted of all five counts and the two gun specifications. The state dismissed the repeat violent offender specifications. The trial court sentenced Rojas to ten years for count one with three years for the gun specification, six years for count two with three years for the gun specification, eight years on count three with three years for the gun specification, one year for count four, and five years on count five. The trial court then ran the gun specifications concurrent to each other but consecutive to counts one through five. Additionally, the trial court ran counts one through five consecutively.
 {¶ 4} Rojas appealed asserting three assignments of error. We will discuss the second assignment of error first.
 First Assignment of Error The trial court violated Jose Rojas's rights to due process and a fairtrial when it found him guilty of robbery[sic], in the absence ofcompetent credible evidence. Fifth and Fourteenth Amendments to theUnited States Constitution and Section 16, Article I of the OhioConstitution.
 Second Assignment of Error Jose Rojas was deprived of due process and a fair trial when the trialcourt denied his motions for acquittal. Fifth and Fourteenth Amendmentsto the United States Constitution, Section 16, Article I of the OhioConstitution, and Crim.R. 29.
 Third Assignment of Error The trial court violated Jose Rojas's rights to due process and a fairtrial when it found him guilty of committing aggravated robbery againstMarcus Daniel, when the finding was against the manifest weight of theevidence. Fifth and Fourteenth Amendments to the United StatesConstitution and Section 16, Article I of the Ohio Constitution.
 {¶ 5} Rule 29(A) of the Rules of Criminal Procedure states that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged * * * if the evidence is insufficient to sustain a conviction of such offense[.]" Accordingly, "a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus; see, also, State v. Boddie, Allen App. No. 1-2000-72,2001-Ohio-2261, 2001 WL 1023107. However, as this Court has previously held, the Bridgeman standard "must be viewed in light of the sufficiency of evidence test[.]" State v. Foster (Sept. 17, 1997), Seneca App. No. 13-97-09, 1997 WL 576353 (citing State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus). In Jenks, the Ohio Supreme Court set forth the sufficiency of the evidence test as follows:
An appellate court's function when reviewing the sufficiency of theevidence to support a criminal conviction is to examine the evidenceadmitted at trial to determine whether such evidence, if believed, wouldconvince the average mind of the defendant's guilt beyond a reasonabledoubt. The relevant inquiry is whether, after viewing the evidence in alight most favorable to the prosecution, any rational trier of fact couldhave found the essential elements of the crime proven beyond a reasonabledoubt.
Jenks, supra.
 {¶ 6} Rojas was charged with one count of aggravated robbery as to McEwan and one count of aggravated robbery as to Daniel, each pursuant to R.C. 2911.01(A)(1) which provides that,
(A) No person, in attempting or committing a theft offense, as definedin section 2913.01 of the Revised Code, or in fleeing immediately afterthe attempt or offense, shall do any of the following:
 (1) Have a deadly weapon on or about the offender's person or under theoffender's control and either display the weapon, brandish it, indicatethat the offender possesses it, or use it;
 {¶ 7} Rojas argues that the evidence presented by the State is not sufficient to support a conviction of two counts of aggravated robbery as there was no evidence presented at trial that he stole or attempted to steal from Daniel. However, the State argues that a separate theft offense is not required for the second count of aggravated robbery. Specifically, the State's position is that R.C. 2911.01(A)(1) not only provides that a defendant can be convicted of aggravated robbery for brandishing a weapon to the victim of a theft offense, but also provides that a defendant can be charged with a second count of aggravated robbery against a bystander who witnesses the brandishing of the weapon whether or not the defendant committed a theft offense against that bystander. We cannot agree with this interpretation of R.C. 2911.01(A)(1).
 {¶ 8} First, we would note that this court is unable to locate and neither party has presented this court with any authority which supports their differing interpretations of R.C. 2911.01(A)(1). Consequently, we must examine the text of R.C. 2911.01(A)(1). When a statute is unambiguous and definite on its face, it is to be applied as written and not construed. State ex rel. Herman v. Klopfleisch (1995),72 Ohio St.3d 581, 584, 651 N.E.2d 995. In order to interpret an unambiguous statute or rule, Courts must give effect to the words explicitly used in a statute or rule rather than deleting words used, or inserting words not used. State v. Taniguchi (1995), 74 Ohio St.3d 154,156.
 {¶ 9} The State's interpretation of R.C. 2911.01(A)(1) adds language which does not otherwise appear in the text. R.C. 2911.01(A)(1) prohibits brandishing a weapon that occurs during or fleeing from an attempted or committed theft offense. However, the statute does not provide that a separate offense occurs for each person who sees the brandished weapon. Nor does the statute provide for brandishing the weapon "against another" which might indicate legislative intent to construe someone against whom the weapon is brandished as a victim separate and apart from the victim of the theft offense.[1]
 {¶ 10} Furthermore, the State's interpretation of R.C. 2911.01(A)(1) could lead to nonsensical results. For example, in the case where a defendant robs a store clerk at gunpoint while customers are in the store and watching the events unfold, the State's interpretation of R.C.2911.01(A)(1) could have the defendant charged with one count of aggravated robbery for each customer in the store. While this court found instances wherein a store clerk is robbed at gunpoint with customers present, we were unable to find any case where defendant was charged with a separate count of aggravated robbery for each customer unless something was taken from that customer.
 {¶ 11} Consequently, applying R.C. 2911.01(A)(1) as written, we find as a matter of law that a separate theft offense must be attempted or committed for each count of aggravated robbery charged pursuant to R.C. 2911.01(A)(1). As the State concedes that no evidence was presented at trial which reflected that Rojas attempted or committed a theft offense against Daniel, the trial court should have granted Rojas' Crim.R. 29 motion for acquittal. Consequently, Rojas second assignment of error is sustained rendering his first and third assignments of error moot.
 {¶ 12} Based on the foregoing, the judgment and the sentence of the trial court as to the aggravated robbery pertaining to Marcus Daniel is reversed. The remaining convictions are affirmed. Because the impact of the reversed conviction upon the sentence as to remaining charges is unclear and should be reconsidered by the trial court, the entire sentence of the trial court is vacated and the matter is remanded for re-sentencing on the remaining charges in accordance with this opinion.
Judgment vacated in part and affirmed in part.
BRYANT, P.J. and WALTERS, J., concur.
[1] For example, other sections of the Aggravated Robbery statute and the Robbery statute, such as R.C. 2911.01(A)(3) or 2911.02(A)(2) might well provide for the scenario in this case. However, R.C. 2911.01(A)(1) does not.