DECISION.
{¶ 1} Defendant-appellant Billy Earls appeals his conviction for having a weapon while under a disability, a violation of R.C.2923.13(A)(2). In his single assignment of error, Earls challenges the constitutionality of the statute, claiming that it is overbroad because it allows a juvenile adjudication of delinquency to establish the disability element of the offense. We affirm.
 {¶ 2} In November 2003, police officers responded to reports of gunshots and observed Earls lay a silver pistol on the ground. Earls was arrested and charged with violating R.C. 2923.13(A)(2), which criminalizes having a weapon while under a disability. Earls's disability was a previous juvenile adjudication for robbery.
 {¶ 3} The statute states, "Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence."
 {¶ 4} Under the Revised Code, a juvenile adjudication can serve as a disability under R.C. 2923.13(A)(2). Not only is that clearly what R.C. 2923.13(A)(2) states, but R.C. 2151.358(H) allows a juvenile adjudication to be entered into evidence. That statute states, "Evidence of a judgment rendered and the disposition of a child under that judgment is not admissible to impeach the credibility of the child in any action or proceeding. Otherwise, the disposition of a child under the judgmentrendered or any evidence given in court is admissible as evidencefor or against a child in any action or proceeding in any courtin accordance with the Rules of Evidence and also may be considered by any court as to the matter of sentence or to the granting of probation." (Emphasis added.)
 {¶ 5} In State v. Bonner,[1] the Twelfth Appellate District affirmed the defendant's conviction under R.C.2923.13(A)(2) and held that the state could use the defendant's prior delinquency adjudication to prove that the defendant was under a disability. The Tenth Appellate District came to the same conclusion in State v. Kelly,[2] where it rejected the defendant's argument that it was ineffective assistance of counsel for his trial attorney not to challenge the state's use of a juvenile adjudication as the predicate disability under R.C.2923.13(A)(2).
 {¶ 6} Thus, a juvenile adjudication is admissible and can serve as the predicate offense for a disability under R.C.2923.13(A)(2). But Earls claims that his case is distinguishable from Bonner and Kelly. He contends that, in those cases, the defendants challenged the use of the juvenile adjudications only as an evidentiary matter. Earls apparently is not challenging the admission into evidence of his juvenile adjudication, but is instead challenging the constitutionality of R.C. 2923.13(A)(2). He claims that it is overbroad because it prohibits activities that are constitutionally protected.
 {¶ 7} Earls argues that our legal system treats the behavior of a juvenile differently than that of an adult. As part of the difference, juvenile records of adjudication are sealed.[3]
Once sealed, the adjudications are treated as if they never occurred. Earls argues that people with juvenile adjudications are not on notice that they have a disability that can later be used as a predicate offense under R.C. 2923.13(A)(2), should they choose to carry a weapon. Thus, he argues, the constitutionally protected behavior of carrying a weapon is prohibited for some people, even though it is innocent conduct.
 {¶ 8} While Earls claims that R.C. 2923.13(A)(2) is unconstitutional because it is overbroad, we note that similar challenges to this statute have been made in other cases. In some cases, the defendants have argued that the statute is overbroad, and in other cases, the defendants have claimed that because they did not have notice that they were under a disability, a conviction under R.C. 2923.13(A)(2) violated their Fourteenth Amendment rights to due process. But despite different framings of the argument, all the challenges contend, just as Earls does here, that without notice of the underlying disability, the defendant's conviction under R.C. 2923.13(A)(2) is unconstitutional.
 {¶ 9} The Ohio Supreme Court has expressly declined to address the issue of whether a defendant is entitled to notice of his disability status.[4] But Ohio appellate courts have repeatedly held that notice of disability status is not an essential element of R.C. 2923.13(A)(2).[5] In reading the statute, the courts have noted that it does not require proof that the defendant had knowledge of his underlying personal disability. Rather, the statute requires only that the defendant "knowingly" acquired, had, carried, or used a firearm or dangerous ordnance while such a disability existed. Thus, a defendant need only have knowledge as to the possession element of the offense and not knowledge of a disability.
 {¶ 10} Because the plain language of the statute does not support the contention that notice to the defendant of his disability status is an essential element of the offense, there is no constitutional violation when the defendant claims that he did not receive notice that he was under a disability. The courts have repeatedly held that ignorance of the law is no defense to a criminal prosecution, and that any previous indictment or criminal conviction should alert a defendant to potential restrictions upon his normal activity.[6]
 {¶ 11} We agree and conclude that this reasoning is valid regardless of whether the defendant's disability is due to a previous indictment, a criminal conviction, or a juvenile adjudication of delinquency. The type of disability does not matter, because the plain language of the statute does not require that the defendant have knowledge that he is under a disability, just that he is under a disability while he knowingly acquires, has, carries, or uses a weapon.
 {¶ 12} In State v. Conwell,[7] the Ninth Appellate District held that even though the defendant's juvenile record had been sealed, his juvenile adjudication for felonious assault still placed the defendant under a disability. The court affirmed his conviction under R.C. 2923.13(A)(2), holding that the state was not required to prove that the defendant had knowledge of his disability. The court then stated in dicta that the only manner of relieving a disability was set forth in R.C. 2923.14. The sealing of a juvenile's record is not listed under R.C. 2923.14
as relieving the disability.
 {¶ 13} We conclude that R.C. 2923.13(A)(2) is not unconstitutional on the grounds of being overbroad or for violating a defendant's due-process rights. In this case, because the state was allowed to admit into evidence Earls's previous adjudication of delinquency, and because R.C. 2923.13(A)(2) did not require the state to give Earls any notice that he was under a disability, Earls's conviction was not unconstitutional. Therefore, we overrule his assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Doan, P.J., and Gorman, J., concur.
[1] See State v. Bonner (Mar. 28, 1994), 12th Dist. No. CA93-09-176.
[2] See State v. Kelly (Aug. 22, 2000), 10th Dist. No. 99AP-1302.
[3] R.C. 2151.358(C).
[4] See State v. Taniguchi, 74 Ohio St.3d 154, 156,1995-Ohio-163, 656 N.E.2d 1286, fn. 1.
[5] See State v. Smith (1987), 39 Ohio App.3d 24, 25,528 N.E.2d 1292; State v. Frederick (July 17, 1989), 12th Dist. Nos. CA88-07-111 and CA88-07-118; State v. Toddy (Mar. 30, 2001), 11th Dist. No. 2000-A-0004; State v. Schilling (Sept. 19, 2000), 5th Dist. No. 2000AP040034; State v. Gibson (Nov. 21, 1991), 8th Dist. No. 59541; State v. Gabriel (Dec. 28, 1994), 7th Dist. Nos. 92CA114 and 93CA5; State v. Russell (Jun. 30, 1998), 4th Dist. No. 97CA37; State v. Quiles (Feb. 3, 1993), 9th Dist. No. 92CA005316; State v. Jackson (Oct. 20, 1993), 9th Dist. No. CA16086; State v. Wooden (Feb. 11, 1998), 9th Dist. No. 18448.
[6] Id.
[7] See State v. Conwell (Apr. 12, 2000), 9th Dist. No. 19482.