[Cite as *Coshocton Tribune Media v. Good Fortune Advertising, L.L.C.*, 2013-Ohio-2710.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| COSHOCTON TRIBUNE MEDIA, A DIVISION OF GANNETT SATELLITE INFORMATION NETWORK, INC | : : : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| GOOD FORTUNE ADVERTISING, LLC DBA THE COSHOCTON COUNTY BEACON | : : : | Case No. 2012CA0019 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Coshocton County Court of Common Pleas, Case No. 2012CI0117

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT:      June 26, 2013

APPEARANCES:

For Plaintiff-Appellant

RICHARD D. PANZA
WILLIAM F. KOLIS, JR.
RACHELLE KUZNICKI ZIDAR
Wickens, Herzer, Panza, Cook & Batista Co.
35765 Chester Road
Avon, OH 44011-1262

For Defendant-Appellee

STEVEN J. SHROCK
Critchfield, Critchfield & Johnston, Ltd.
138 East Jackson Street
Millersburg, OH 44654

*Baldwin, J.*

{¶1}    Plaintiff-appellant Coshocton Tribune Media, a Division of Gannett Satellite Information Network, Inc., appeals from the October 11, 2012 Judgment Entry of the Coshocton County Court of Common Pleas granting the Motion for Summary Judgment filed by defendant-appellee Good Fortune Advertising, LLC dba The Coshocton County Beacon.

STATEMENT OF THE FACTS AND CASE

{¶2}    The Tribune is a newspaper of general circulation that has been published at least once a week every week continuously since 1909. The Tribune is owned and operated by appellant and, in order to produce revenue, publishes legal notices.

{¶3}    The Beacon, which is owned and operated by appellee, is a weekly newspaper. Prior to October 14, 2009, The Beacon was not published weekly.  Since October 14, 2009, The Beacon has been published weekly except for the last weeks of December of 2009, 2010 and 2011.  In early 2012, The Beacon began publishing legal notices. The Beacon published all 52 weeks in 2012 and stated in the record below that it intended to continue to do so.

{¶4}    On March 19, 2012, appellant filed a complaint against appellee seeking a declaratory judgment and injunctive relief. Appellant, in its complaint, sought a declaration that The Beacon was not a" publication of general circulation" as authorized and defined by R.C. 7.11 and 7.12 and injunctive relief enjoining appellee from publishing legal notices in The Beacon until such time as The Beacon complied with the statutory definition of newspaper of general circulation. Appellant also sought costs, expenses and attorney's fees. On the same date, appellant filed a Motion for Temporary

Restraining Order, Preliminary and Permanent Injunction. A Stipulated Order relating to injunctive relief was filed on March 28, 2012.

{¶5} Appellee filed an answer to the complaint on May 18, 2012.

{¶6} Thereafter, on July 12, 2012, appellant filed a Motion for Summary Judgment. Appellee filed a memorandum in opposition to the same and a Motion for Summary Judgment on August 22, 2012.

{¶7} Pursuant to a Judgment Entry filed on October 11, 2012, the trial court granted appellee's Motion for Summary Judgment. The trial court, in its Judgment Entry, found that The Beacon has been "regularly issued at least once a week" since October 14, 2009 and has been published continuously since May 1, 2008. The trial court denied appellant's Motion for Summary Judgment.

{¶8} Appellant now raises the following assignments of error on appeal:

{¶9} THE TRIAL COURT ERRED IN DETERMINING THAT THE COSHOCTON COUNTY BEACON HAS BEEN "REGULARLY ISSUED AT LEAST ONCE A WEEK" SINCE OCTOBER 14, 2009, PURSUANT TO R.C. 7.12(A).

{¶10} THE TRIAL COURT ERRED IN DETERMINING THAT THE COSHOCTON COUNTY BEACON HAS "BEEN PUBLISHED CONTINUOUSLY" SINCE MAY 1, 2008, PURSUANT TO R.C. 7.12(A)(3).

{¶11} ALTERNATIVELY, THE TRIAL COURT ERRED IN NOT FINDING R.C. 7.12 AMBIGUOUS AND THEREAFTER CONSIDERING RULES OF STATUTORY CONSTRUCTION.

SUMMARY JUDGMENT

{¶12} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, we must refer to Civ.R. 56 which provides, in pertinent part: " * * *Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation ..., that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.* * * "

{¶13} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment, bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of

material fact for trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 1997–Ohio–259, 674 N.E.2d 1164, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 1996–Ohio–107, 662 N.E.2d 264.

{¶14}   It is pursuant to this standard that we review appellant's assignments of error.

I, II, III

{¶15}   Appellant, in its three assignments of error, argues that the trial court erred in granting appellee's Motion for Summary Judgment while denying appellant's motion. Appellant specifically contends that the trial court erred in finding that The Beacon met the requirements set forth in R.C. 7.12 and was a "newspaper of general circulation." Appellant also argues, alternatively, that the trial court erred in not finding R.C. 7.12 ambiguous.

{¶16}   R.C. 7.12 states, in relevant part, as follows: "A) Whenever a state agency or a political subdivision of the state is required by law to make any legal publication in a newspaper, the newspaper shall be a newspaper of general circulation. As used in the Revised Code, 'newspaper' or 'newspaper of general circulation,'… , is a publication bearing a title or name that is regularly issued at least once a week, and that meets all of the following requirements:

{¶17}   "(1) It is printed in the English language using standard printing methods, being not less than eight pages in the broadsheet format or sixteen pages in the tabloid format.

{¶18}   "(2) It contains at least twenty-five per cent editorial content, which includes, but is not limited to, local news, political information, and local sports.

{¶19} "(3) It has been published continuously for at least three years immediately preceding legal publication by the state agency or political subdivision.

{¶20} "(4) The publication has the ability to add subscribers to its distribution list.

{¶21} "(5) The publication is circulated generally by United States mail or carrier delivery in the political subdivision responsible for legal publication or in the state, if legal publication is made by a state agency, by proof of the filing of a United States postal service "Statement of Ownership, Management, and Circulation" (PS form 3526) with the local postmaster, or by proof of an independent audit of the publication performed, within the twelve months immediately preceding legal publication." (Emphasis added).

{¶22} In *Record Publishing Co. v. Kainrad*, 49 Ohio St.3d 296, 551 N.E.2d 1286 (1990), the Court held in paragraph 3 of the syllabus that: "To be a 'newspaper of general circulation,' a publication must meet all the requirements of R.C. 7.12, including the requirement that the publication be of a type to which the general public resorts for news of passing events." Thus, The Beacon must have been regularly issued at least once a week and been published continuously for at least three years preceding legal publication to qualify as a "newspaper of general circulation" under R.C. 7.12.

{¶23} At issue in the case sub judice is the meaning of the phrase "regularly issued at least once a week" as used in R.C. 7.12. Appellant maintains that such phrase requires that a publication be issued 52 consecutive weeks continuously for at least three years to qualify as a newspaper of general circulation and that, since The Beacon was only issued for 51 weeks in 2009, 2010 and 2011, it does not qualify as a newspaper of general circulation.

{¶24}   Generally when construing a statute, "a court's paramount concern is the legislative intent." *State ex rel. Herman v. Klopfleisch,* 72 Ohio St.3d 581, 584, 651 N.E.2d 995 (1995). In doing so, the court must first look to the plain language of the statute itself to determine the legislative intent. *Burrows v. Indus. Comm.,* 78 Ohio St.3d 78, 81, 1997-Ohio-310, 676 N.E.2d 519. If language used in a statute is clear and unambiguous, the statute must be applied as written and it is not appropriate to engage in further interpretation. *Id.* "A court should give effect to the words actually employed in a statute, and should not delete words used, or insert words not used, in the guise of interpreting the statute." *State v. Taniguchi,* 74 Ohio St.3d 154, 156, 195-Ohio-163, 656 N.E.2d 1286, citing *State v. Waddell,* 71 Ohio St .3d 630, 631, 1995-Ohio-31, 646 N.E.2d 821.

{¶25}   We find that the trial court erred in its interpretation of R.C. 7.12. The statute clearly and unambiguously requires that a publication be regularly issued at least once a week. As noted by appellant, the trial court "essentially ignored the phrase 'at least once a week' in favor of its own, more lenient language." The statute does not require that a publication be "regularly issued" on a "weekly basis". Rather, the statute requires a publication to be "regularly issued at least once a week."  While the trial court cited cases from other jurisdictions in support of its decision, we note that the statutes in such cases do not contain language similar to that contained in R.C. 7.12. Moreover, our reading is consistent with statutes, and rules, that require legal publication for a specified consecutive number of weeks. See, for example, 5721.18 (Foreclosure proceedings on lien of state), which requires that notice of foreclosure be published once a week for three consecutive weeks in a newspaper of general circulation in the

county. If R.C. 7.12 was interpreted in such a manner as appellee suggests, then, at times, it would be impossible to comply with the requirements in R.C. 5721.18

{¶26}   Based on the foregoing, we find that the trial court erred in finding that The Beacon has been "regularly issued at least once a week" since October 14, 2009.  As is stated above, it is undisputed that The Beacon was not published the last weeks of December of 2009, 2010 and 2011. The trial court, therefore, erred in finding that The Beacon was a "newspaper of general circulation" under R.C. 7.12 since all of the requirements set forth in R.C. 7.12 have not been met.

{¶27}   Appellant's first assignment of error is, therefore, sustained.  Based on our disposition of appellant's first assignment of error, the remaining assignments of error are moot.

{¶28}   Accordingly, the judgment of the Coshocton County Court of Common Pleas is reversed and this matter is remanded for further proceedings.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.

_____
 HON. CRAIG R. BALDWIN


_____
 HON. W. SCOTT GWIN


_____
 HON. JOHN W. WISE


CRB/dr

[Cite as *Coshocton Tribune Media v. Good Fortune Advertising, L.L.C.*, 2013-Ohio-2710.]

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| COSHOCTON TRIBUNE MEDIA, A DIVISON OF GANNETT SATELLITE INFORMATION NETWORK, INC. | : : : | |
| | : | |
| Plaintiff -Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GOOD FORTUNE ADVERTISING, LLC DBA THE COSHOCTON COUNTY BEACON | : : : | |
| | : | |
| Defendant - Appellee | : | CASE NO. 2012CA0019 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio is reversed and this matter is remanded for further proceedings. Costs assessed to appellee.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE