[Cite as *State v. Sweet Distrib.*, 2013-Ohio-3822.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 99312 and 99313**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SWEET DISTRIBUTING AND SAMIR ELALOUL

DEFENDANTS-APPELLANTS

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-567353

**BEFORE:** E.T. Gallagher, J., Keough, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** September 5, 2013

**ATTORNEYS FOR APPELLANTS**

Mark Marein
Steven L. Bradley
Marein & Bradley
222 Leader Building
526 Superior Avenue
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   James D. May
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} In this consolidated appeal, defendants-appellants, Samir Elaloul ("Elaloul") and Sweet Distributing, Inc. ("Sweet Distributing") (collectively referred to as "appellants"), appeal their tampering with records convictions. We find merit to the appeal and reverse the convictions.

{¶2} Appellants were charged in a 90-count indictment with engaging in corrupt activity, aggravated theft, possession of criminal tools, and conspiracy. The indictment also charged appellants with numerous counts of tampering with records, money laundering, intent to avoid payment of tax, and unlawful transportation of tobacco products. The state alleged that appellants defrauded the state of Ohio of excise tax revenue by creating fraudulent tax returns.

{¶3} Under Ohio law, tobacco wholesalers are required to file monthly tax returns and pay a 17 percent inventory tax on other tobacco products ("OTP") acquired during the month. Wholesalers may claim a full tax credit against the 17 percent tax for all sales that the wholesaler made to out-of-state customers during the month. The monthly tax returns include a schedule A, which lists inventory acquired during the month, and a schedule B, which lists all sales made to out-of-state customers during the month. The returns are due to be filed one month after the month being reported.

{¶4} Beginning in April 2009, Sweet Distributing began selling OTP to Royal Wholesale Distributing ("Royal Wholesale"), which was incorporated and had its principal place of business in Pennsylvania. From April 2009 through December 2009, Sweet Distributing claimed tax credits for its sales to Royal Wholesale as an out-of-state customer. Elaloul discovered that Royal Wholesale was not a legitimate Pennsylvania company when its principal, Hashem Al-Hamid ("Al-Hamid"), was arrested for tax-fraud in February 2010.

{¶5} It is undisputed that appellants filed state tax returns for every month from April 2009 through January 2010. Appellants were convicted of tampering with records for allegedly falsifying information on their January 2010 tax return. Elaloul testified at trial that he did not claim credits for sales made to Royal Wholesale in January 2010 because he had learned that Royal Wholesale was involved in a tax-fraud scheme. Appellants argued they did not claim credits because they did not want to knowingly claim credits for out-of-state sales that they learned were being distributed in Ohio.

{¶6} A jury acquitted appellants of all counts except Counts 12 and 21, which alleged that appellants prepared and uttered a false record in violation of R.C. 2913.42. These two counts specifically identified the record in question as the January 2010 "State of Ohio excise tax reporting forms." Although these charges were identified as third-degree felonies in the indictment, the court granted appellants' motion to reduce them to first-degree misdemeanors pursuant to *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735.

{¶7} Appellants filed post-verdict motions for acquittal and for a new trial, arguing that the verdicts were against the manifest weight of the evidence. Appellants also moved to dismiss Counts 12 and 21 because they failed to state an offense under R.C. 2913.42. The court denied these motions and sentenced appellants to fines of $1,000 each and sentenced Elaloul to community control sanctions. Appellants now appeal and raise three assignments of error.

{¶8} We find the first and third assignments of error dispositive of this appeal. In the first assignment of error, appellants argue the evidence is insufficient to sustain a conviction under R.C. 2913.42 for the crimes alleged in Counts 12 and 21. Count 12 alleges that appellants prepared a false 2010 tax return. Count 21 alleges that appellants uttered the false 2010 tax return. In the third assignment of error, appellants argue that R.C. 5703.26, which governs the falsification of tax records, precludes the state from prosecuting them for tax-fraud under R.C. 2913.42.[1] We agree.

{¶9} R.C. 2913.42(A) prohibits anyone from knowingly falsifying and uttering false records "with purpose to defraud." Similarly, R.C. 5703.26 prohibits anyone from knowingly making, presenting, or filing a fraudulent tax return with the Ohio department of taxation with intent to defraud the state. R.C. 5703.26 further states that "[w]ith respect to such acts or conduct,

---

[1] Although appellants argue their convictions were improperly indicted under R.C. 2913.42, they maintain that they did not submit false information in their January 2010 tax return. As previously stated, they assert that they did not claim a credit for out-of-state sales to Royal Wholesale, even though they sold other tobacco products to Royal Wholesale, because they discovered that Al-Hamid was actually distributing the products to Ohio retailers.

no conviction shall be had under any other section of the Revised Code." Appellants assert that based on this language, R.C. 5703.26 is the exclusive provision in the Ohio Revised Code under which the filing of false tax returns may be prosecuted. Therefore, they argue, the state could not prosecute them for preparing and uttering a false tax return under R.C. 2913.42, as charged in the indictment.

{¶10} The state argues that appellants' interpretation of the language "no conviction shall be had under any other section of the Revised Code" would render other tax statutes prohibiting the filing of false or fraudulent returns meaningless. However, R.C. 5703.26 is a general provision prohibiting the preparation and filing of any and all fraudulent tax returns. Applying the rules of statutory construction set forth in R.C. 1.51, the Ohio Supreme Court has held that "where there is no manifest legislative intent that the general provision prevail over the specific provision, the specific provision applies." *Meyer v. UPS*, 122 Ohio St.3d 104, 2009-Ohio-2463, 909 N.E.2d 106, ¶ 21, citing *State v. Chippendale*, 52 Ohio St.3d 118, 556 N.E.2d 1134 (1990). Therefore, R.C. 5703.26 does not preclude the state from prosecuting the specific crimes involving false sales and income tax returns under other sections of the tax code.

{¶11} The state would have us disregard the plain language of R.C. 5703.26. However, if the language used in a statute is clear and unambiguous, the statute must be applied as written, and it is not appropriate to engage in further interpretation. *State ex rel. Burrows v. Indus. Comm.,* 78 Ohio St.3d 78, 81, 676 N.E.2d 519 (1997). A court must "give effect to the words actually employed in a statute, and should not delete words used, or insert words not used, in the guise of interpreting the statute." *State v. Taniguchi*, 74 Ohio St.3d 154, 156, 656 N.E.2d 1286 (1995), citing *State v. Waddell*, 71 Ohio St.3d 630, 631, 646 N.E.2d 821 (1995).

{¶12} R.C. 5703.26, which prohibits the filing of false or fraudulent tax returns, is more specific than R.C. 2913.42, which applies to the tampering of all kinds of records, not just tax records. Because R.C. 5703.26 expressly precludes prosecution for the falsification of tax records under any other section of the Revised Code, **appellants were wrongfully convicted of tampering with records and for preparing and uttering false tax records under R.C. 2913.42.**

{¶13} The first and third assignments of error are sustained. Having determined that these assigned errors are dispositive of this appeal, the second assignment of error is moot.

{¶14} Case is reversed and remanded to the trial court to execute a judgment entry vacating appellants' convictions.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR